Filed 12/20/19

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>DONALD G. KEENE,<br><br>     Defendant and Appellant. | D074871<br><br><br><br>(Super. Ct. No. SCD273634) |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed as modified and remanded with directions.

Rachel Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

In this case the appellant seeks, for the first time on appeal, to challenge the court's imposition of various fines, fees and assessments as part of the sentence.  We will find the issue has been forfeited by failure to raise it at the sentencing hearing.  Since the

appellant does not challenge his conviction or any other part of his sentence we will affirm the judgment.

## PROCEDURAL BACKGROUND

Donald G. Keene pleaded guilty to one count of failure to register as a sex offender (Pen. Code,[1] §§ 290.012, 290.018, subd. (b)).  He also admitted a strike prior (§ 667, subds. (b)-(i)) and a prison prior (§ 667.5, subd. (b)).  The court indicated it would strike the strike prior at sentencing.

During the pendency of his sentencing hearing, Keene was released on his own recognizance.  Thereafter, Keene failed to appear for sentencing and was ultimately arrested on a bench warrant.

At the sentencing hearing, Keene's motion to withdraw his guilty plea was denied. The court struck the "strike" prior and sentenced Keene to the middle term of two years for the offense plus one year for the prison prior.  The court also imposed a $1500 restitution fine (§ 1202.4, subd. (b)) and $224 in other fees and assessments.  Keene did not object to the fines, fees or assessments; nor did he request a hearing on his ability to pay any of the imposed amounts.

Keene appeals relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). He contends the imposition of fines, fees and assessments without first holding a hearing on his present ability to pay denied him due process.  He also contends that if we find the

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

issue to be forfeited for failure to timely raise it, trial counsel was ineffective.  We will reject his contentions and affirm.

## DISCUSSION

### A.  The *Dueñas* Issue Has Been Forfeited

At the core of the *Dueñas* opinion is its holding that imposition of fines, fees or assessments without a hearing on ability to pay denies due process.  It was that court's view it was the trial court's duty to hold a hearing and thus failure to seek a hearing did not result in forfeiture.  Further, the court found that the burden to prove "present" ability to pay was on the prosecution.  Other courts, including this court have disagreed with *Dueñas* on these key principles.

In *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1155, the court disagreed with *Dueñas* and held the issue of ability to pay was subject to forfeiture.  The court reasoned that ability to pay fines and other costs have long been litigated in the courts.  Forfeiture can be applied when the issue is raised for the first time on appeal. The vast extension of due process by the *Dueñas* opinion certainly presents a different approach to the issue but does not amount to a wholly new concept that might justify abandonment of well-established forfeiture principles.

Since the *Dueñas* opinion, various courts have adopted its approach, and others, including this court, have not endorsed the *Dueñas* court's reasoning.

In *People v. Kopp* (2019) 38 Cal.App.5th 47, 95-97, review granted, November 13, 2019, S257844, we expressed some of our disagreement with the *Dueñas* opinion.  In particular, we agreed that a defendant has a right to a hearing on ability to pay, where it is

3

requested by the defense. We held the burden of proof was on the defendant to show inability to pay the amounts assessed. We also rejected the idea that ability to pay was focused solely on the present ability at the time of sentencing.

The concept of forfeiture for failure to raise ability to pay fines, fees or assessments is well established in our caselaw prior to *Dueñas*. Some of the cases include *People v. Aguilar* (2015) 60 Cal.4th 862, 864; *People v. Trujillo* (2015) 60 Cal.4th 850, 853-854; *People v. Nelson* (2011) 51 Cal.4th 198, 227; and *People v. Avila* (2009) 46 Cal.4th 680, 729.

We agree with the court's holding and reasoning in *People v. Frandsen*, *supra*, 33 Cal.App.5th at pages 1153-1154, and will apply it here. We are satisfied that the doctrine of forfeiture should be applied in this case. The defendant represented by counsel was aware of the recommended amount of money proposed to be assessed against him. No objection was made, and no comments of any kind suggested a challenge to the amounts identified. Keene has forfeited the opportunity to challenge the fines, fees and assessments imposed by the trial court.

## B. Defense Counsel Was Not Ineffective

In somewhat of a throw-away argument, Keene contends that if we find forfeiture on appeal, then of necessity his counsel provided ineffective assistance of counsel under the Sixth Amendment. Keene bears the burden of showing counsel's representation was defective, and he was prejudiced as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 690.) The record does not establish either prong of the *Strickland* test. We have no idea why counsel did not raise the ability to pay issue. We know counsel was trying hard

4

to overcome Keene's failure to appear and to get the trial court to eliminate the strike prior. We have no idea whether the fines, fees or assessments were of any consequence. Nothing enlightens us on the consequences of any failure of Keene in the future to pay any of the amounts.

Our Supreme Court addressed the issue of establishing ineffective assistance of counsel on a silent record in *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-268. The court found it difficult to establish error or prejudice without a full record. The court suggested the defendant's remedy, if any, must be by way of a petition for habeas corpus. (*Ibid*.)

C. Senate Bill No. 136

After the briefing in this case was completed, the Governor signed Senate Bill No. 136 which changed the application of the one-year prison prior enhancement under section 667.5, subdivision (b). Effective January 1, 2020, the alleged enhancement in this case under that section would no longer be valid. We requested and received supplemental briefing on the question of whether Keene is entitled to the benefit of the new statute under the principles of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). The parties agree that Keene's case will not be final as of January 1, 2020; thus, he is entitled to the benefit of the new statute. We agree with the parties and find the appropriate remedy is to remand the case with directions to strike the one-year enhancement and resentence as may be appropriate.

DISPOSITION

The sentence is vacated, and the trial court is ordered to strike the enhancement under section 667.5, subdivision (b) and resentence the defendant accordingly. Following resentencing the court shall amend the abstract of judgment and forward the amended abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.

Dato, J., concurring.

Consistent with this court's reasoning in *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, I would agree that Donald G. Keene forfeited his *Dueñas*[2] argument by failing to raise any ability-to-pay argument in the trial court. (*Gutierrez*, at pp. 1032-1033.) But I cannot join my colleagues in their endorsement of the forfeiture analysis in *People v. Frandsen* (2019) 33 Cal.App.5th 1126, which I find considerably less persuasive than cases such as *People v. Castellano* (2019) 33 Cal.App.5th 485, 488-489, *People v. Johnson* (2019) 35 Cal.App.5th 134, 138; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1033, and *People v. Belloso* (Nov. 26, 2019, B290968) __ Cal.App.5th __, [2019 Cal.App.Lexis 1181 at *24-*25].

DATO, J.

---

[2] See *People v. Dueñas* (2019) 30 Cal.App.5th 1157.