STREETER, J.
*136 A jury convicted defendant Tyrone Johnson of rape of an intoxicated person ( Pen. Code, § 261, subd. (a)(3) ),[1] and the trial court sentenced him to eight years in prison. On appeal, he contends (1) the court committed several instructional errors, (2) the statute defining the crime of rape of an intoxicated person is unconstitutionally vague and improperly permits conviction without a finding of intent or criminal negligence, (3) the prosecutor engaged in misconduct, (4) the court erred by admitting prejudicial evidence, (5) his trial counsel was ineffective, and (6) the court erred by imposing a restitution fine and *2 certain fees at sentencing without determining whether Johnson had the ability to pay them.
In the unpublished portion of this opinion, we reject Johnson's challenges to his conviction. In the published portion of the opinion, we reject his challenge to the imposition of fines and fees at sentencing. Accordingly, we affirm the judgment.
I. BACKGROUND
A. The Charges
An information charged Johnson with (1) kidnapping to commit another crime (§ 209, subd. (b)(1)) (count one), (2) forcible rape ( § 261, subd. (a)(2) ) (count two), and (3) rape of an intoxicated person ( § 261, subd. (a)(3) ) (count three). As to count two, the information included special allegations that Johnson kidnapped the rape victim (§ 667.61, subd. (e)(1)) and that the kidnapping substantially increased the risk of harm to the victim beyond the level inherent in the underlying rape (§ 667.61, subd. (d)(2)).[2]
*137 B. The Evidence Presented at Trial**
C. The Verdict and Sentence
At the conclusion of the trial, the jury found Johnson guilty of rape of an intoxicated person (count three). The jury found Johnson not guilty of the kidnapping and forcible rape charges in counts one and two and found the kidnapping special allegations were not true. For count one, the jury was unable to reach a verdict as to the lesser included offenses of simple kidnapping (§ 207) and false imprisonment (§ 236).
The trial court sentenced Johnson to the upper term of eight years in prison (§ 264, subd. (a)). Johnson appealed.
II. DISCUSSION
A.-H.***
I. Imposition of Restitution Fine and Court Fees
At sentencing, the court imposed a $ 300 restitution fine (§ 1202.4, subd. (b)), a $ 40 court security fee (§ 1465.8), and a $ 30 criminal conviction assessment ( Gov. Code, § 70373 ). In supplemental briefing, Johnson contends we should reverse imposition of the court security fee and criminal conviction assessment and impose a stay of the restitution fine until the People prove he has the ability to pay such assessments. Relying on People v. Dueñas (2019) 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268 ( Dueñas ), Johnson argues the court did not make a finding as to his ability to pay and that the statutes requiring imposition of the assessments without such a finding are fundamentally unfair and violate due process. The People argue that Johnson forfeited any challenge to the imposition of the two fees and the restitution fine by failing to object on this ground in the trial court. (See People v. Avila (2009) 46 Cal.4th 680, 729, 94 Cal.Rptr.3d 699, 208 P.3d 634 [finding forfeiture where the defendant failed to object to imposition of restitution fine under former § 1202.4 based on inability to pay].) We do not agree. There is a well-established exception to the forfeiture doctrine where a change in the law-warranting the assertion of a particular objection, where it would have *138 been futile to object before-was not reasonably foreseeable. ( *3 People v. Black (2007) 41 Cal.4th 799, 810, 62 Cal.Rptr.3d 569, 161 P.3d 1130 ["We long have applied the rule that although challenges to procedures ... normally are forfeited unless timely raised in the trial court, 'this is not so when the pertinent law later changed so unforeseeably that it is unreasonable to expect trial counsel to have anticipated the change.' "].)
Can it be said that Dueñas was reasonably foreseeable? We think not. Granted, Dueñas is grounded in longstanding due process principles and precedent (see Dueñas , supra , 30 Cal.App.5th at pp. 1168-1169, 1171, 242 Cal.Rptr.3d 268 [relying on Griffin v. Illinois (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, In re Antazo (1970) 3 Cal.3d 100, 89 Cal.Rptr. 255, 473 P.2d 999, and Bearden v. Georgia (1983) 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 ] ), but the statutes at issue here stood and were routinely applied for so many years without successful challenge (see Dueñas , supra , 30 Cal.App.5th at p. 1172, fn. 10, 242 Cal.Rptr.3d 268 ), that we are hard-pressed to say its holding was predictable and should have been anticipated.[5] ( People v. Castellano (2019) 33 Cal.App.5th 485, 488-489, 245 Cal.Rptr.3d 138 ; but see People v. Frandsen (2019) 33 Cal.App.5th 1126, 1153-1155, 245 Cal.Rptr.3d 658.)
On the merits, however, we think Dueñas is distinguishable. That case involved a homeless probationer, Velia Dueñas, who suffered from cerebral palsy and was unable to work. ( Dueñas , supra , 30 Cal.App.5th at p. 1160, 242 Cal.Rptr.3d 268.) Ms. Dueñas's driver's license was suspended when she could not pay some juvenile citations as a teenager. ( Id. at p. 1161, 242 Cal.Rptr.3d 268.) She was then convicted of a series of misdemeanor offenses for driving with a suspended license, and in each case was given the impossible choice whether to "pay[ ]" mandatory fees and fines-which she could not do, because of her poverty-or go to jail. ( Id. at p. 1161, 242 Cal.Rptr.3d 268.) After serving jail time in the first three of these cases, she still faced outstanding debt, which mounted with each conviction. ( Ibid. )
Upon her fourth conviction for driving with a suspended license, Ms. Dueñas was placed on probation and again ordered to pay mandatory *139 fees and fines. ( Dueñas , supra , 30 Cal.App.5th at pp. 1161-1162, 242 Cal.Rptr.3d 268.) In an effort to put a stop to these spiraling fees and fines, Ms. Dueñas brought a due process challenge to Penal Code section 1465.8, Government Code section 70373, and Penal Code section 1202.4, the statutes under which the fees and fines were imposed. ( Dueñas , supra , 30 Cal.App.5th at p. 1164, 242 Cal.Rptr.3d 268.) She argued that "[t]hese statutes ... are fundamentally unfair because they use the criminal law, which is centrally concerned with identifying and punishing only blameworthy decisions, to punish the blameless failure to pay by a *4 person who cannot pay because of her poverty. The laws, moreover, are irrational: They raise no money because people who cannot pay do not pay." ( Ibid. )
A Second District, Division Seven panel agreed, concluding that due process "requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." ( Dueñas , supra , 30 Cal.App.5th at p. 1164, 242 Cal.Rptr.3d 268.) The panel also held that "although Penal Code section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." ( Ibid. )
Johnson, as a felon sentenced to prison for a lengthy term, is not similarly situated to the misdemeanor probationer in Dueñas . He was ordered to pay mandatory fees and a fine under the same constellation of statutes that were at issue in Dueñas , but there the similarity ends. At trial, he testified that he worked off and on as a painter and a municipal cleaner. He owned and used a cell phone for texting, and quite clearly could afford the ongoing expense associated with that. And on the night of the offense for which he was convicted, he was able to afford the unplanned expense of a hotel room. These are hardly indications of wealth, but there is enough evidence in the trial record to conclude that the total amount involved here did not saddle Johnson with a financial burden anything like the inescapable, government-imposed debt-trap Velia Dueñas faced.
Not only does the record show Johnson had some past income-earning capacity, but going forward we know he will have the ability to earn prison wages over a sustained period. (See People v. Hennessey (1995) 37 Cal.App.4th 1830, 1837, 44 Cal.Rptr.2d 792 [ability to pay includes a defendant's ability to obtain prison wages].) The idea that he cannot afford to pay $ 370 while serving an eight-year prison sentence is unsustainable. Thus, even if we were to assume Johnson is correct that he suffered a due process *140 violation when the court imposed this rather modest financial burden on him without taking his ability to pay into account, we conclude that, on this record, because he has ample time to pay it from a readily available source of income while incarcerated, the error is harmless beyond a reasonable doubt. ( Chapman v. California (1967) 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705.)
III. DISPOSITION
The judgment is affirmed.
WE CONCUR:
POLLAK, P.J.
TUCHER, J.

Undesignated statutory references are to the Penal Code.

The trial court dismissed similar allegations that were included in the information as to count three.

See footnote *, ante .

See footnote *, ante .

We stop short of categorically rejecting forfeiture as a basis for resolving Dueñas -based challenges to fines and fees. Here, as in Dueñas , the restitution fine imposed on Johnson was the statutory minimum (it was $ 150 there, which is the misdemeanor minimum, while it is $ 300 here, which is the felony minimum). (See § 1202.4, subd. (b)(1).) For restitution fines above the statutory minimum, the statutory scheme expressly permits sentencing courts to take the defendant's ability to pay into account in setting the fine. (See § 1202.4, subd. (c) ["[i]nability to pay may be considered ... in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)"].) The distinction between minimum and above minimum restitution fines has consequences for the applicability of forfeiture doctrine. Had the court imposed a restitution fine on Johnson above the statutory minimum, we would have come to the opposite conclusion on the issue of forfeiture, at least for purposes of that fine, since, there, it could be said that he passed on the opportunity to object for lack of ability to pay.