Filed 8/20/20  P. v. Harper CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAMON MARQUEZ HARPER,<br><br>    Defendant and Appellant. | 2d Crim. No. B302033<br>(Super. Ct. Nos. 18CR8466,<br>19CR04163)<br>(Santa Barbara County) |

Appellant Ramon Marquez Harper pled no contest to one count of robbery (Pen. Code, § 211)[1] in case number 18CR08466 and two counts of inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)), in case number 19CR04163.  He also admitted to having one prior strike conviction.  The trial court imposed an agreed-upon sentence of 8 years in state prison and ordered appellant to pay restitution fines totaling $600 (§1202.4) and parole revocation fines in the same amount.

---

[1] All further statutory references are to the Penal Code.

(§1202.45.) Appellant contends the trial court erred when it refused to stay the restitution fines based on his inability to pay. (See, e.g., *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).) We affirm.

## FACTS

The facts of appellant's substantive offenses are not relevant here, because he challenges only imposition of the restitution fines. Briefly, appellant and a co-defendant used a large kitchen knife to rob the guests at a house party in Santa Barbara. In a separate incident, appellant struck his girlfriend in the mouth, causing injury. He later pinched and twisted the skin of his girlfriend's leg, causing her to bleed.

At the sentencing hearing, the trial court imposed the agreed upon sentence of eight years. It imposed various fines and assessments, a restitution fine of $300 in each case (§1202.4) and a parole revocation restitution fine of $300 in each case. (§1202.45.)

Appellant's trial counsel stated, "I would just make the application of *People v. Duenas* as it relates to any and all fines and fees the Court assesses under that case and others that follow." (Italics added.) The prosecutor argued "*Dueñas* is no longer binding on this Court. There's a case that came down that specifically disagreed with *Dueñas*. You look under an 8th Amendment analysis under cruel and unusual for the fines." (Italics added.) The trial court replied, "As to the fine, the Court has reduced it to the minimum $300 [§]1202.45 fine in each case."

## DISCUSSION

Relying on *Dueñas*, *supra*, 30 Cal.App.5th 1157, appellant contends the trial court erred when it declined to stay the restitution fine entirely, because he is indigent. He asserts that,

during his 8-year prison sentence, his prison wages, if any, will not be enough to pay the fines and that he has no other assets from which to satisfy the debt.  Respondent contends imposition of the restitution fines did not violate due process or the Eighth Amendment prohibition against excessive fines.

Our Supreme Court is in the process of deciding whether due process imposes that requirement or whether restitution fines are more properly reviewed under the excessive fines clause of the Eighth Amendment.  (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844; see also *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946.)

Resolving this case, however, does not require us to reach either of these thorny constitutional questions because *Dueñas* is distinguishable.  The appellant in *Dueñas*, committed a misdemeanor and was on probation.  She was also indigent, homeless, unemployed, disabled by cerebral palsy, primarily responsible for the care of her two young children and unable to work.  (*People v. Johnson* (2019) 35 Cal.App.5th 134, 138 (*Johnson*); *Duenas, supra*, 30 Cal.App.5th at p. 1160.)  Appellant, by contrast, was sentenced to state prison after committing three felonies.  He is 22 years old and does not have child care responsibilities.  Appellant is a high school graduate who has worked in construction.  There is no indication that he is homeless, has a physical disability or chronic illness, or that he suffers from serious mental illness or substance abuse.  Appellant will have the ability to earn wages while in prison and after his release.

In short, nothing in the record supports the claim that he will never be able to pay the $600 in restitution fines assessed

against him.  Any due process violation arising from the court's failure to consider appellant's ability to pay the restitution fines was thus harmless beyond a reasonable doubt.  (*People v. Jones* (2019) 36 Cal.App.5th1028, 1035; *Johnson, supra,* 35 Cal.App.5th at pp. 139-140, citing *Chapman v. California* (1967) 386 U.S. 18, 24.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, Acting P. J.

We concur:

PERREN, J.

TANGEMAN, J.

Von N. Deroian, Judge

Superior Court County of Santa Barbara

_____

Richard Lennon, Executive Director, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Yun K. Lee, Deputy Attorney General, for Plaintiff and Respondent.