Filed 8/25/20  P. v. Pardo CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DARIC PARDO,<br><br>        Defendant and Appellant. | A158927<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR1932373) |

Defendant Daric Pardo pled no contest to unlawful possession of a weapon in jail, pursuant to Penal Code[1] section 4574, subdivision (a).  His six-year sentence included two one-year enhancements under Penal Code section 667.5, subdivision (b) because he had served two prior prison terms.  Defendant argues that under *People v. Dueñas* (2018) 30 Cal.App.5th 1157 (*Dueñas*) and the Eighth Amendment, this case must be remanded for the trial court to determine his ability to pay certain fines and fees.  Defendant also asserts that recent amendments to section 667.5, subdivision (b) apply retroactively and that both one-year enhancements must therefore be stricken from his sentence; the People agree.  We agree that the

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

enhancements should be stricken, but on this record, we reject defendant's contention regarding the fines and fees.

## BACKGROUND

Defendant was arrested for "being under the influence of a controlled substance" and placed on a parole hold. While in jail, defendant ripped out a phone cord and used the phone's handset receiver to smash a window; he later damaged the housing of a security camera. While defendant was still in custody, authorities found a homemade "shank" in his possession. Defendant pled no contest to unlawfully possessing a weapon in jail and admitted two prior prison term allegations in exchange for a six-year prison sentence and the dismissal of one count of felony vandalism and a prior strike allegation.

The pre-sentencing probation report recommended an $1,800 restitution fine under section 1202.4(b). Responding to the recommendation, counsel stated defendant would be "presumptively unable to pay on these fines" and asked the court to "strike or suspend as many [fines and fees] in the court's discretion." The trial court said it would "reduce" the restitution fine to the $300 minimum, to which counsel replied, "Thank you, your Honor." The trial court sentenced defendant to the six-year stipulated sentence and ordered him to pay a $40 court assessment fee pursuant to section 1465.8, a $30 criminal assessment fee pursuant to Government Code section 70373, and a $300 restitution fine pursuant to section 1202.4, subdivision (b).

# DISCUSSION

## I. The Trial Court Did Not Violate Defendant's Constitutional Rights by Imposing Fines and Fees Without Conducting an Ability to Pay Hearing.

Defendant contends the trial court erred by not conducting an ability to pay hearing before imposing fines and fees. Defendant provides two frameworks in support of this contention: under the due process clause as analyzed in *Dueñas* and under the Eighth Amendment excessive fines clause, which another panel of this Division discussed at length in *People v. Cowan*, 47 Cal.App.5th 32 (*Cowan*). While we agree that *Cowan* provides the proper framework, it does not aid defendant.

### A. *Dueñas*

*Dueñas* involved a defendant who was convicted of driving on a suspended license and sentenced to probation. (*Dueñas, supra*, 30 Cal.App.5th 1157, 1160.) At sentencing, the court-imposed facilities and court operations fees under Government Code section 70373 and section 1465.8 and a $150 restitution fine under section 1202.4. (*Id.* at p. 1162*.)* Dueñas stated she was unable to pay the fines and requested a hearing on her ability to pay. (*Ibid*.) The court granted the hearing, but ultimately rejected Dueñas's arguments that the due process and equal protection clauses required the court to consider her ability to pay these fines and assessments. (*Id.* at p. 1163.)

On appeal, the court held that due process requires a trial court to conduct a hearing to determine a defendant's ability to pay assessments under section 1465.8 and Government Code section 70373. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) The court further held that restitution fines

3

under section 1202.4 must be imposed but stayed unless and until the People prove that a defendant can pay the fine. (*Id*. at pp. 1164, 1172.)

**B. *Cowan***

This Division discussed *Dueñas* and similar cases in *Cowan*, *supra*, 47 Cal.App.5th 32. Although *Cowan* did not state that *Dueñas* was wrongly decided, it held that the excessive fines prohibition of the Eighth Amendment and its counterpart under the California Constitution, article I, section 17, rather than the due process analysis in *Dueñas*, provides the proper framework for analyzing the constitutionality of restitution fines and assessments. (*Id*. at p. 42.) Most importantly for purposes of our analysis, the court held that "*upon proper objection*, a sentencing court must allow a defendant facing imposition of a minimum restitution fine or court operations and court facilities assessments *to present evidence* and argument why these financial exactions exceed his ability to pay." (*Id*. at p. 34, italics added.) The court also held that the defendant has the burden of proving an inability to pay and that assessment of that ability to pay shall include both defendant's present and future earning ability. (*Id*. at p. 35.)

**C. Analysis**

While defendant asserts that the imposition of fines and fees without an ability to pay hearing was unconstitutional under *Dueñas* and *Cowan*, his argument fails under both frameworks because he did not request an ability to pay hearing, he failed to object to the court's imposition of the fines and fees he now challenges, and he failed to provide any evidence that he was unable to pay.

At sentencing, defendant claimed only that he was "presumptively unable to pay on these fines and fees" recommended in the probation report and asked the court to "strike or suspend as many in the court's discretion."

4

The court granted defendant's request, explaining that it would "reduce" the probation report's recommended $1,800 restitution fine to the statutory minimum of $300, to which defendant replied only, "Thank you, [y]our Honor." Defendant made no objection to the restitution fine of $300 or the other assessments, which are the basis of this appeal. Furthermore, defendant neither requested an ability to pay hearing nor did he provide any evidence or offer of proof as to his claimed inability to pay beyond the conclusory statement that he was "presumptively unable to pay" the fine recommended by the probation department. It is only "upon proper objection" that a trial court must provide a defendant with an ability to pay hearing. (*Cowan*, *supra*, 47 Cal.App.5th at p. 34.) Because there was no such objection here, the trial court did not err in failing to conduct an ability to pay hearing before imposing the challenged restitution fine and other fees.

Moreover, even if the trial court erred in not conducting an ability to pay hearing, any error was harmless under *People v. Johnson*, 35 Cal.App.5th 134 (*Johnson*). In *Johnson*, the trial court imposed the same fines and fees as in the instant case. (*Id.* at p. 137 ["At sentencing, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373)"].) As here, the trial court did not conduct an ability to pay hearing. (*Johnson,* at p. 140.) The court held that while the trial court erred in imposing the fines and fees without considering Johnson's ability to pay, that error was harmless. (*Ibid.*) The court reasoned that the record demonstrated that Johnson had earning ability prior to his arrest and the ability to earn prison wages during his eight-year term, and the court noted that the $370 in fines and fees was a "rather modest financial burden." (*Id.* at pp. 139–140.) Therefore, even if

there was a due process violation, "the error [was] harmless beyond a reasonable doubt." (*Id*. at 140.)

Although the record in the instant case does not describe defendant's past earning ability, it does show that defendant was able to rip a phone cord out of the wall and use the phone to smash a window and a security camera housing. Thus, it is reasonable to infer that defendant is able-bodied and has the capacity for future earnings. Moreover, defendant will be serving a four-year sentence during which he will likely be eligible to earn prison wages to pay off the "rather modest financial burden" the court imposed on him. (*Johnson, supra*, 35 Cal.App.5th at p. at 140.) Currently, monthly wages in California prisons range from $12 to $56, and half of any wages earned are deducted to pay any outstanding restitution fines. (Cal. Code Regs., tit. 15, § 3041.2, subd. (a)(1); § 2085.5, subd. (a).) Even assuming defendant earns no more than the $12 per month minimum—and there is no reason to assume he would earn only the minimum—he would earn nearly $300 during the time he will likely serve in prison with custody credits under section 4019. He would thus have a balance of less than $100 after completion of his sentence, and he would have little to no remaining balance if he earns more than the minimum monthly wage. Accordingly, even if defendant were correct that the court erred by not addressing his ability to pay before imposing $370 in fines and fees, that error was harmless beyond a reasonable doubt. (*Ibid*.)

## II. The Prior Prison Term Enhancements Should be Stricken Pursuant to Section 667.5, Subdivision (b).

We agree with defendant and the People that amended section 667.5, subdivision (b) applies retroactively to non-final judgments under *In re Estrada* (1965) 63 Cal.2d 740, 742. Under section 667.5, subdivision (b) as amended, one-year enhancements are limited to individuals who have served

6

a sentence for a sexually violent offense. (§ 667.5, subd. (b) ["the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code"].) Defendant's prior prison terms for arson and second degree burglary were not sexually violent offenses. Thus, both one-year enhancements should be stricken. (*People v. Matthews* (2020) 47 Cal.App.5th 857, 864–865.)

## DISPOSITION

The trial court is ordered to strike the two one-year enhancements imposed pursuant to section 667.5, subdivision (b). The trial court shall prepare an amended abstract of judgment and shall forward a copy to the appropriate authorities. The judgment is otherwise affirmed.

_____
BROWN, J.

WE CONCUR:


_____
POLLAK, P. J.


_____
STREETER, J.

*People v. Pardo* (A158927)

7