Filed 8/28/20  P. v. Perry CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F077768 |
| Plaintiff and Respondent, | |
| v. | (Stanislaus Super. Ct. No. 4005601) |
| DENNIS PERRY, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Cavan M. Cox II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant/defendant Dennis Perry argues the court improperly ordered him to pay a restitution fine and other fees in violation of his due process rights pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  We affirm.

## FACTS[1]

Around 5:00 p.m. on October 26, 2017, Angelina's Restaurant in Tulare was open for business when the security cameras showed defendant entered the building through the employee/delivery entrance in the alley.  Defendant walked in and opened the door to the back office, which was not open to the public.  He went into the office, turned on the lights, and closed the door.  Defendant shuffled papers and looked around the desk.  He then opened the door and peered into the hallway.  He went back into the office, again closed the door, looked in a cabinet, and tried to open the safe but failed.

Eduardo Loetz, the restaurant's owner and general manager, arrived at the business and headed to his back office.  As he walked into the office, the door swung open, and defendant emerged and walked past him.  Loetz did not know defendant and asked what he was doing in his office.  Defendant said he was looking for boxes.  Loetz told defendant he was going to call the police and told him to wait.  Defendant did not want to wait but stayed in the doorway until the police arrived.

Loetz testified there was a computer and other electronics in the office, and the safe contained several thousands of dollars in cash, but defendant did not take anything.

## PROCEDURAL HISTORY

On December 19, 2017, an information was filed that charged defendant with second degree commercial burglary.  (Pen. Code, § 459.)[2]

---

[1] The facts are from the preliminary hearing transcript, which the parties stipulated to as the factual basis for defendant's plea.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

On May 30, 2018, defendant pleaded no contest. Defendant waived time, and the court placed him on formal felony probation for 36 months, subject to certain terms and conditions, including staying 10 yards away from Angelina's Restaurant. The court also ordered him to serve 180 days in jail, but suspended execution of the term.

The court imposed a restitution fine of $300 (§ 1202.4) and stayed the probation revocation fine of $300 (§ 1202.44). It also imposed a $40 court security fee (§ 1465.8) and a $30 criminal conviction assessment fee (Gov. Code, § 70373).

On July 10, 2018, appellant filed a notice of appeal. On July 24, 2018, the court granted defendant's request for a certificate of probable cause.

**Postjudgment motion**

On February 7, 2019, appellate counsel sent a letter to the superior court pursuant to section 1237.2, and requested the court vacate the restitution fine and fees. Appellate counsel asserted the court improperly imposed the restitution fine and fees without determining whether he had the ability to pay these amounts in violation of his due process rights as stated in *Dueñas*.

## DISCUSSION

Defendant contends the court's imposition of the restitution fine of $300, and the other assessments and fees, violated his due process rights pursuant to *Dueñas* because the court failed to conduct a hearing to determine if he had the ability to pay these amounts. Defendant cites to the declaration he filed in support of his request for appointment of trial counsel, and asserts he was indigent, had limited financial means, and relied on food stamps, and the matter must be remanded for the People to prove he had the ability to pay.[3]

---

[3] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

3.

## I.    Forfeiture

We first note that, contrary to the People's argument, defendant did not forfeit review of this issue.  Section 1202.4, subdivisions (c) and (d) only permit a party to raise an ability to pay objection when the court imposes a restitution fine above the statutory minimum.  In this case, the court imposed the statutory minimum restitution fine of $300 pursuant to section 1202.4, subdivision (b).  Under the governing law at the time of the plea and sentencing hearing, defendant could not object to that restitution fine and the other fees.  (Cf. *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.)

We further note that after the notice of appeal was filed, and while this case was pending on appeal, appellate counsel wrote to the trial court pursuant to section 1237.2 and requested an order to stay the restitution fine and for the other fees to be stricken under *Dueñas*.  Section 1237.2 states:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, *the defendant first makes a motion for correction in the trial court, which may be made informally in writing*.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."  (Italics added.)

The record does not clarify whether the court responded to appellate counsel's letter, but we assume the court did not grant the request since defendant has pursued the *Dueñas* issue on appeal.  Assuming the trial court did not act on defendant's request, we may address this issue because section 1237.2 only requires that the defendant "first

4.

make[] a motion for correction in the trial court" after sentencing, and he complied with the statute.

## II.   *Dueñas*

In *Dueñas*, the defendant was an indigent, homeless mother of two, who subsisted on public aid while suffering from cerebral palsy. She had dropped out of high school because of her illness, and she was unemployed. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1160–1161.) As a teenager, the defendant's driver's license was suspended when she could not pay some citations. (*Id.* at p. 1161.) She then was convicted of a series of misdemeanor offenses for driving with a suspended license, and in each case, she was given the choice to pay mandatory fees and fines, which she lacked the means to do, or go to jail. (*Ibid.*) She served jail time in the first three of these cases, but still faced outstanding debt, which increased with each conviction. (*Ibid.*)

After her fourth conviction of driving with a suspended license, the defendant was placed on probation and again ordered to pay mandatory fees and fines. The court imposed a $30 court conviction assessment (Gov. Code, § 70373, subd. (a)(1)); a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and the minimum restitution fine of $150 for a misdemeanor (§ 1202.4, subd. (b)(1)). The court also imposed and stayed a probation revocation restitution fine (§ 1202.44). (*Dueñas, supra*, 30 Cal.App.5th at pp. 1161–1162.) The defendant challenged the fees and fines imposed under sections 1202.4 and 1465.8, and Government Code section 70373. (*Dueñas*, at p. 1164.) The court rejected her constitutional arguments that due process and equal protection required the court to consider her ability to pay these fines and assessments. (*Id.* at p. 1163.)

*Dueñas* held the defendant's due process rights had been infringed and that an ability to pay hearing was required so the defendant's "present ability to pay" could be determined before assessments were levied for a court operations assessment (§ 1465.8, subd. (a)(1)) and a criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). (*Dueñas*, at p. 1164.) *Dueñas* also held that the minimum restitution fine of $150

(§ 1202.4, subd. (b)(1)) had to be stayed. *Dueñas* reached these conclusions even though section 1202.4 barred consideration of a defendant's ability to pay unless the judge was considering a fine over the statutory minimum. (§ 1202.4, subd. (c).) *Dueñas* held that "execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.)

We find defendant's reliance on *Dueñas* is misplaced because it is distinguishable from the present matter and defendant's constitutional rights have not been violated. The defendant in *Dueñas* lost her driver's license because she was too poor to pay her juvenile citations. She continued to offend because the aggregating criminal conviction assessments and fines prevented her from recovering her license. *Dueñas* described this as "cascading consequences" stemming from "a series of criminal proceedings driven by, and contributing to, [the defendant's] poverty." (*Dueñas, supra*, 30 Cal.App.5th at pp. 1163–1164.)

In contrast to *Dueñas*, defendant's conviction for second degree burglary and his resulting probationary status were not a product of the court's prior imposition of criminal assessments and fines. Defendant was not caught in an unfair cycle of incarceration, and he could have avoided the present conviction regardless of his financial circumstances. *Dueñas* is thus distinguishable and it has no application in this matter. (See *People v. Caceres* (2019) 39 Cal.App.5th 917, 928–929 [declining to apply *Dueñas*'s "broad holding" beyond its unique facts]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138 ["*Dueñas* is distinguishable."].)

## III.    The Court did not Violate Defendant's Due Process Rights

Even if *Dueñas* applied to this case, we reject any argument that the trial court violated defendant's constitutional rights. The probationer in *Dueñas* presented compelling evidence that the imposed assessments resulted in ongoing *unintended* punitive consequences against her. *Dueñas* determined that these unintended

consequences were "fundamentally unfair" for an indigent defendant under principles of due process. (*Dueñas, supra*, 30 Cal.App.5th at p. 1168.)

*Dueñas* noted the imposed financial obligations were also potentially unconstitutional under the excessive fines clause of the Eighth Amendment. However, *Dueñas* stated that "[t]he due process and excessive fines analyses are sufficiently similar that the California Supreme Court has observed that '[i]t makes no difference whether we examine the issue as an excessive fine or a violation of due process.' [Citation.]" (*Dueñas, supra*, at p. 1171, fn. 8.)

The analysis in *Dueñas* was strongly criticized by this court in *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1059–1060 (*Aviles*) and also in *People v. Hicks* (2019) 40 Cal.App.5th 320, 322, review granted November 26, 2019, S258946 (*Hicks*). (See also *People v. Kingston* (2019) 41 Cal.App.5th 272, 279 (*Kingston*) [finding *Hicks* to be "better reasoned" than *Dueñas*]; *People v. Caceres, supra*, 39 Cal.App.5th at p. 928 ["In light of our concerns with the due process analysis in *Dueñas*, we decline to apply its broad holding requiring trial courts in all cases to determine a defendant's ability to pay before imposing court assessments or restitution fines."].)

As we explained in *Aviles*, the " 'excessive fines' " clause in the Eighth Amendment to the United States Constitution was more appropriate than a due process argument for an indigent defendant to challenge the imposition of fees, fines and assessments. (*Aviles, supra*, 39 Cal.App.5th at p. 1069.) *Aviles* found no constitutional violation for the imposition of assessments and fines imposed on a felon who, after fleeing from officers, shot and wounded two of them. (*Id.* at pp. 1059–1060.) *Aviles* also concluded that any presumed error was harmless because the felon had the ability to earn money while in prison. (*Id.* at pp. 1075–1077.)

*Hicks* held that, in contrast to *Dueñas*'s due process analysis, a due process violation must be based on a fundamental right, such as denying a defendant access to the courts or incarcerating an indigent defendant for nonpayment. *Hicks* concluded that

7.

*Dueñas*'s analysis was flawed because it expanded due process in a manner that grants criminal defendants a right not conferred by precedent; that is, an ability to pay hearing *before* assessments are imposed. (*Hicks, supra*, 40 Cal.App.5th at pp. 325–326.) *Hicks* rejected a due process challenge to the imposition of fines and assessments on a felon who, while under the influence of a stimulant, resisted arrest. (*Id.* at pp. 323, 329–330.)

We similarly reject any claim that the trial court violated due process. The fines and fees imposed in this case do not implicate the traditional concerns of fundamental fairness. Defendant was not denied access to the courts or prohibited from presenting a defense. (See *Griffin v. Illinois* (1956) 351 U.S. 12, 18–20 [due process and equal protection require a state to provide criminal defendants with a free transcript for use on appeal]; *Kingston, supra*, 41 Cal.App.5th at p. 281; *Hicks, supra*, 40 Cal.App.5th at p. 326.) Defendant was not incarcerated because he was unable to pay prior fees, fines or assessments. (See *Bearden v. Georgia* (1983) 461 U.S. 660, 672–673 [fundamental fairness is violated if a state does not consider alternatives to imprisonment if a probationer in good faith cannot pay a fine or restitution]; *Kingston, supra*, 41 Cal.App.5th at p. 281; *Hicks, supra*, 40 Cal.App.5th at p. 326.)

The instant case does not present the unique concerns that existed in *Dueñas*. There is no evidence to establish or even reasonably suggest that defendant faces ongoing unintended punitive consequences. Defendant does not establish how he suffered a violation of a fundamental liberty interest. Since unintended consequences are not present, it was not fundamentally unfair for the court to impose the fees, fines and assessments in this matter without first determining defendant's ability to pay. As such, the trial court did not violate defendant's due process rights. (See *Kingston, supra*, 41 Cal.App.5th at p. 282; *Hicks, supra*, 40 Cal.App.5th at p. 329.)

Finally, we find the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and thus not excessive under the Eighth Amendment. (*Aviles, supra*, 39 Cal.App.5th at p. 1072.)

Based on this record, we conclude the court's order did not violate defendant's constitutional rights.

## **<u>DISPOSITION</u>**

The judgment is affirmed.