Filed 1/4/21  P. v. Knight CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEPHEN RUSSELL KNIGHT,<br><br>    Defendant and Appellant. | F079373<br><br>(Super. Ct. No. CR-18-003611)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Joseph R. Distaso, Judge.

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Franson, J. and DeSantos, J.

## INTRODUCTION

Defendant Stephen Russell Knight was convicted by a jury of unauthorized use of a vehicle, the value of which exceeded $950 (Veh. Code, § 10851, subd. (a); count I), and driving without a valid license (Veh. Code, § 12500, subd. (a); count III).[1]  In bifurcated proceedings, the court found defendant had suffered a prior conviction within the meaning of Penal Code section 666.5[2] (to wit, a prior conviction under Veh. Code, § 10851, subd. (a)), and two prior prison terms within the meaning of former section 667.5, subdivision (b).

Defendant was sentenced to an aggregate term of six years, consisting of the upper term of four years on count I, plus two consecutive one-year terms for each of the prison priors.  Additionally, the court imposed a restitution fine of $400 (§ 1202.4).  Although the court did not orally impose a parole revocation fine (§ 1202.45), the court's minute order and the abstract of judgment reflect a parole revocation fine of $400 (§ 1202.45).

On appeal, defendant contends the restitution fine violates his rights to due process and freedom from excessive fines under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the California Constitution.  To the extent the argument is forfeited due to counsel's failure to object below, he contends counsel was ineffective.  We conclude the argument is forfeited and that defendant has not demonstrated ineffective assistance of counsel.  Regardless, the argument is without merit.

Defendant also contends, and the People concede, the sentencing minute order must be corrected to eliminate the parole revocation fine, both because the court did not orally impose such fine and because the fine is not authorized in light of defendant's sentence, which does not include a term of supervision.  We agree.

---

[1]    Count II was dismissed on motion by the People during trial.

[2]    Undesignated statutory references are to the Penal Code.

Finally, the People raised the issue that defendant's prior prison term enhancements must be stricken in light of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136) (Stats. 2019, ch. 590, § 1), which became effective January 1, 2020, and limits the offenses that qualify for a prior prison term enhancement. Defendant agrees, as do we.

We will strike the prior prison term enhancements (§ 667.5, subd. (b)), and instruct the court to issue an amended abstract of judgment. In so doing, the court shall also correct the abstract of judgment to reflect that defendant is not subject to a parole revocation fine. (§ 1202.45.) In all other respects, the judgment is affirmed.

## FACTS

Because the facts underlying the offenses are not at issue in the instant appeal, we summarize them only briefly.

On July 13, 2018, at approximately 7:00 p.m., employees of a small pallet company in Modesto were moving company trucks from the street into an enclosed yard to be locked for the night. The company owner noticed defendant driving one of the 30-foot flatbed trucks traveling at a high rate of speed. The truck was making a loud sound, as though the clutch and accelerator were being pressed at the same time. An employee heard the owner yell, "Block him, block him," as the truck proceeded through an intersection and then reversed, before stopping at a closed gate. Meanwhile, the employee blocked the runaway truck with another truck. In total, the truck traveled approximately 25 feet.

The company owner entered the cab of the truck through the passenger door, engaged the air brake to stop the truck, then immediately exited the cab. Defendant exited the passenger side of the truck. Four or five people, all of them family members of the business owner, stood around defendant and prevented him from fleeing until police arrived. The owner and his family denied that anyone from the group hit or otherwise touched defendant.

3.

Defendant did not have permission from the truck's owner to move the truck. After police arrived, the company owner found items belonging to defendant in another truck.

Defendant testified that he was arrested on July 12, 2018, and taken to Modesto where he was cited and released in the early evening of July 13, 2018. He obtained a bus pass but realized it would not take him as far as he needed to go. He began walking toward a location where he hoped to panhandle some money. It was hot and he was wearing a sweater. By the time he arrived in the area of the offense, he was very tired. He saw two trucks parked on the street and entered one of them through an open driver's side door. He sat on the running board and put his paperwork on the floor. He considered drinking a bottle of flavored water he saw on the floor of the truck but did not like its appearance. He decided to look for water in the other truck and left his paperwork behind.

Defendant sat down in the other truck and saw the keys were in the ignition. He turned the key and depressed the clutch and brake to get the air conditioner running.[3] He hit a button and heard a noise that may have been the air brake releasing. He took his feet off the pedals and the vehicle jolted backwards so he again put his feet on the clutch and brake. He decided to move the truck forward to avoid hitting the truck parked behind it, and put his foot on the accelerator and switched gears. The vehicle accelerated rapidly. He turned the wheel to avoid hitting something. After the truck moved forward he put his feet on the clutch and brake again, turned off the ignition, and removed his feet from the pedals. At that point, the company owner entered the cab and turned on the air brake. Three men approached the truck on the driver's side. One man hit him with a pipe and three others punched him. Defendant exited the truck and was hit in the head repeatedly.

---

**3** Defendant testified he had never driven a vehicle with a manual transmission before.

4.

Defendant testified he did not intend to steal the truck. He admitted he previously was convicted of auto theft, but that none of those offenses involved a big truck such as in this case.

## DISCUSSION

### I.     Restitution Fine

Although he did not object below, defendant contends the $400 restitution fine (§ 1202.4) imposed by the trial court violates his rights to due process and freedom from excessive fines under the United States and California Constitutions because he is unable to pay. He contends the restitution fine must be stayed until such time as defendant has the ability to pay. To the extent his arguments are forfeited, defendant alleges ineffective assistance of counsel.

#### A.     Additional Factual Background

Because defendant did not argue in the trial court that he was unable to pay, the record regarding his financial circumstances is not developed. However, the probation report notes that defendant has a GED and had some work history that included approximately eight months working as a sandwich artist in 2006 and eight months as a vehicle detailer in 2016. During his trial testimony in 2018, defendant described himself as "transient, homeless, houseless." A social worker's sentencing report details that defendant had a history of intermittent homelessness dating back to January 2012. Additionally, as defendant points out, he was represented by appointed counsel throughout the proceedings below.

At sentencing, the trial court imposed a $400 restitution fine (§ 1202.4, subd. (b)), but waived the court facilities assessment (Gov. Code, § 70373); and the court operations assessment (§ 1465.8).

#### B.     Due Process

*People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a

defendant's present ability to pay" before it imposes any fines or fees. (*Id*. at p. 1164; see *id.* at p. 1167.) This court has rejected that contention. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 (*Aviles*) [*Dueñas* "incorrectly relied upon a due process analysis to examine . . . constitutional objections to the [trial] court's imposition of . . . fines, fees, and assessments . . . ."]; accord, *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1056-1057 [due process not violated when defendants are not denied access to the courts, are not prohibited from presenting a defense, are not incarcerated due to an inability to pay prior fees, fines or assessments, do not face ongoing unintended punitive consequences, and do not suffer a violation of a fundamental liberty interest].)

Other courts have declined to extend the holding of *Dueñas* beyond the unique facts of that case, which involved an indigent, homeless, mother of two who subsisted on public aid while suffering from cerebral palsy (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1160-1161), and who accumulated repeated criminal conviction assessments and fines in a series of "cascading consequences" stemming from "criminal proceedings driven by, and contributing to, [the defendant's] poverty" (*id*. at pp. 1163-1164). (See *People v. Caceres* (2019) 39 Cal.App.5th 917, 928-929 [declining to apply *Dueñas*'s "broad holding" beyond its unique facts]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138 [distinguishing *Dueñas* on its facts].)

Here, we need not consider defendant's *Dueñas*-based challenge because defendant has forfeited the issue. The court ordered defendant to pay a restitution fine of $400. (§ 1202.4, subd. (b)(1).) When the court imposes a restitution fine greater than the $300 statutory minimum, "[s]ection 1202.4 expressly contemplates an objection based on inability to pay." (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153 (*Frandsen*); accord, *Aviles*, *supra*, 39 Cal.App.5th at p. 1073.) While *Dueñas* had not been decided at the time of defendant's sentencing hearing, defendant had the statutory right to object to the $400 restitution fine and to demonstrate his inability to pay, and such an objection "would not have been futile under governing law at the time of his sentencing hearing."

6.

(*Frandsen*, *supra*, 33 Cal.App.5th at p. 1154; accord, *Aviles*, at pp. 1073-1074; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 ["[E]ven before *Dueñas* a defendant had every incentive to object to imposition of a maximum restitution fine based on inability to pay because governing law as reflected in the statute [citation] expressly permitted such a challenge."].)  Defendant's failure to object in the trial court forfeits his challenge to this fine.

Defendant asserts that, if we find forfeiture, his trial counsel was ineffective for failing to object to the imposition of fines and fees based on an inability to pay. Defendant bears the burden of demonstrating ineffective assistance of counsel.  (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)  " '[A] defendant claiming a violation of the federal constitutional right to effective assistance of counsel must satisfy a two-pronged showing:  that counsel's performance was deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.'  [Citation.]  Rarely is ineffective assistance of counsel established on appeal since the record usually sheds no light on counsel's reasons for action or inaction."  (*People v. Woodruff* (2018) 5 Cal.5th 697, 736.)  In determining whether counsel's performance was deficient, we consider whether " ' " 'counsel's representation fell below an objective standard of reasonableness under prevailing professional norms.' " ' "  (*People v. Johnson* (2016) 62 Cal.4th 600, 653.) Reversal is permitted " 'only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.' "  (*People v. Arredondo* (2019) 8 Cal.5th 694, 711.)

We cannot say trial counsel had no conceivable tactical purpose for not requesting an ability to pay hearing.  In arguing for a split sentence, defense counsel argued in favor of probation conditions recommended by the probation department, including that defendant be gainfully employed and make full restitution.  The record reflects defendant

7.

was 28 years old at the time of sentencing, and defense counsel's argument reflects that counsel believed defendant capable of earning wages and paying toward his financial obligations. It is also conceivable counsel concluded defendant would have been able to pay his restitution fine over time, including over the course of his prison sentence. (*Aviles*, *supra*, 39 Cal.App.5th at pp. 1075-1077.) The record does not affirmatively exclude a rational basis for trial counsel's choice. Defendant has failed to establish ineffective assistance of counsel.

Finally, even if defendant did not forfeit the issue, any error under *Dueñas* is necessarily harmless since defendant has the ability to make payment on the restitution fine over the course of his prison sentence. (*Aviles*, *supra*, 39 Cal.App.5th at pp. 1075-1077.) "While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his lengthy prison sentence." (*Id.* at p. 1077.)

### C. Excessive Fines

The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment's "excessive fines" clause is incorporated into the Fourteenth Amendment's due process clause, and therefore applies to the states. (*Timbs v. Indiana* (2019) 586 U.S. ___, ___ [139 S.Ct. 682, 687] (*Timbs*).) Additionally, article I, section 17 of the California Constitution similarly provides: "Cruel or unusual punishment may not be inflicted or excessive fines imposed." An Eighth Amendment analysis is appropriate to determine whether punitive fines in a particular case are excessive. (*Aviles*, *supra*, 39 Cal.App.5th at pp. 1069-1071.)

"We may review de novo whether a fine is excessive under the Eighth Amendment." (*Aviles*, *supra*, 39 Cal.App.5th at p. 1072.) "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of

proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.  [Citations.]  . . . [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."  (*United States v. Bajakajian* (1998) 524 U.S. 321, 334; accord, *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 (*Lockyer*); see *Timbs*, *supra*, 139 S.Ct. at pp. 688-689.)

Federal circuit courts are divided on the question of whether ability to pay is relevant to the excessive fines analysis.  (E.g., *U.S. v. Viloski* (2d Cir. 2016) 814 F.3d 104, 111 [ability to pay is relevant to the proportionality inquiry]; *U.S. v. Levesque* (1st Cir. 2008) 546 F.3d 78, 83-85 [ability to pay should be considered, in addition to proportionality inquiry]; *U.S. v. Dubose* (9th Cir. 1998) 146 F.3d 1141, 1145-1146 [ability to pay has no bearing on analysis].)  The United States Supreme Court has left this question open (see *Timbs*, *supra*, 139 S.Ct. at p. 688), but has noted the Eighth Amendment's historical roots in prohibitions against monetary penalties that are " 'so large as to deprive [the defendant] of his livelihood' " (*Timbs*, at p. 688).  This history has been interpreted to prohibit fines that are "ruinous," or that affect the defendant's "future ability to earn a living."  (*Levesque*, at pp. 84-85; accord, *Viloski*, at p. 111.)  Meanwhile, our Supreme Court has concluded that the determination of whether fines are excessive under the Eighth Amendment should be determined by considering the following four factors:  "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay."  (*Lockyer*, *supra*, 37 Cal.4th at p. 728.)

Here, defendant argues the fine is excessive in light of the minor nature of the offense and the fact that no harm resulted.  However, we do not find the $400 restitution fine to be grossly disproportionate in light of these facts.  And, the record does not suggest the fine is ruinous or so large as to deprive defendant of his livelihood.  (*Timbs*,

9.

*supra*, 139 S.Ct. at p. 688.) Accordingly, the restitution fine is not excessive under the Eighth Amendment.

## II.     Parole Revocation Fine

The trial court did not orally impose a parole revocation fine. Nonetheless, a $400 parole revocation fine was listed in the court's minute order and the abstract of judgment. As the People concede, this was error, both because the court's oral pronouncement of judgment controls (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2), and because defendant was not sentenced to a term of postrelease community supervision or mandatory supervision to which a parole revocation fine may be applied (§ 1202.45, subd. (b)).

Accordingly, we will order the trial court to correct the abstract of judgment to reflect that no parole revocation fine was imposed.

## III.    Prior Prison Term Enhancements

Defendant's sentence includes two 1-year prior prison term enhancements. (former § 667.5, subd. (b).) Defendant and the People agree that the prior prison term enhancements must be stricken.

Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b) to provide that a one-year prior prison term enhancement will apply only if a defendant served a prior prison term for a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b). (See Stats. 2019, ch. 590, § 1.) Our Supreme Court has held that " ' "[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent" [citations].' [Citations.]" (*People v. Lara* (2019) 6 Cal.5th 1128, 1134, quoting *People v. DeHoyos* (2018) 4 Cal.5th 594, 600.) The parties agree that Senate Bill

No. 136 is retroactive and the amendment to section 667.5, subdivision (b), applies in this case.

Defendant's prior prison terms arose out of two convictions for vehicle theft (Veh. Code, § 10851, subd. (a)) and one conviction for escape from jail while charged with a felony (§ 4532, subd. (b)(1)), which do not qualify as sexually violent offenses under Welfare and Institutions Code section 6600, subdivision (b). Accordingly, we will strike the prior prison term enhancements. The trial court will be directed to prepare an amended abstract of judgment reflecting this modification.

## DISPOSITION

The prior prison term enhancements (former § 667.5, subd. (b)) are stricken. The trial court is directed to prepare an amended abstract of judgment and, in so doing, to also correct the abstract of judgment to reflect that no parole revocation fine (§ 1202.45) was imposed. The court shall forward a copy of the amended abstract of judgment to the appropriate authorities. In all other respects, the judgment is affirmed.