Filed 3/10/21  P. v. Curiel CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE CURIEL,<br><br>        Defendant and Appellant. | A159956<br><br><br>(Del Norte County<br>Super. Ct. No. CRPB 19-5027) |

Jose Curiel challenges the trial court's imposition of $370 in fines and fees, asserting that he is unable to afford them.  We affirm.

### BACKGROUND

While Curiel was serving a sentence of 50 years to life in state prison for murder (Pen. Code, § 187, subd. (a))[1], he was charged with possession of a weapon while in custody (§ 4502, subd. (a)).  A jury found Curiel guilty and found that he had a prior strike conviction (§§ 1170.12, 667, subds. (b)-(i)).  After sentencing him to eight years in state prison, the trial court imposed a $300 state restitution fine (§ 1202.4), a $40 operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).  The court also imposed a $300 parole revocation fine, which is stayed upon successful

---

[1] Undesignated statutory references are to the Penal Code.

1

competition of parole (§ 1202.45) and which Curiel does not challenge on appeal.

## DISCUSSION

Curiel contends that the trial court erroneously concluded that he is able to pay $370 in fines and fees. We conclude that the court's determination was supported by substantial evidence. (See *People v. Corrales* (2013) 213 Cal.App.4th 696, 702.)

First, the trial court correctly concluded that the reasoning of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) is inapplicable here. *Dueñas* held that "a state may not inflict punishment on indigent convicted criminal defendants solely on the basis of their poverty." (*Id.* at p. 1166.) Curiel's possession of a weapon while in prison is "not a crime either 'driven by' poverty or likely to 'contribut[e] to' that poverty such that an offender is trapped in a 'cycle of repeated violations and escalating debt.'" (*People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Second, even if *Dueñas* applied to this case, the trial court considered Curiel's ability to pay and reasonably concluded that his family's regular deposits into his prisoner's trust fund established he could pay the fines and fees. (See *People v. Lewis* (2009) 46 Cal.4th 1255, 1321 (*Lewis*) [defendant had ability to pay $10,000 restitution fine based on funds given by his family to purchase toothpaste and other personal items].) Curiel received deposits of $140 to $160 per month into his account, and he relied on this income to satisfy a $900 victim restitution obligation and pay over $2,500 toward a $10,000 restitution fine from his prior criminal case. Curiel asserts that it will take him over thirteen years to pay the $370 in fines and fees imposed in this case, when combined with the outstanding balance on the restitution fine from his prior case. However, the fact that it will take time for Curiel to pay

2

the fines and fees does not render unreasonable the court's determination that he is able to pay them. (See *Lewis*, *supra*, 46 Cal.4th at p. 1321 [fact that "defendant would have funds in the future from which restitution could be paid . . . contradicted the view that defendant would be unable to pay the fine"]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 139 [considering prisoner's ability to pay "over a sustained period" while incarcerated].) Neither does the fact that Curiel qualified for appointed counsel change the outcome. (See *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397 [defendant qualifying for appointed counsel may nonetheless be able to pay restitution fine]).

We are likewise unpersuaded by Curiel's argument that the trial court unreasonably determined he could pay the fines and fees, given the court's conclusion that "at this time" he had "no ability to reimburse the county" for the presentence investigation report. To the extent the court erred in this regard, the error benefited Curiel by reducing the total amount of fees he owed.

## DISPOSITION

The judgment is affirmed.

_____
BURNS, J.

We concur:

_____
NEEDHAM, ACTING P.J.

_____
SELIGMAN, J.*

A159956

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.