Filed 9/15/20  P. v. Nickell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C089014 |
| Plaintiff and Respondent, | (Super. Ct. No. 18F5552) |
| v. | |
| KATHERYN MARIE NICKELL, | |
| Defendant and Appellant. | |

Defendant Katheryn Marie Nickell pleaded guilty to two counts of assault with a firearm and admitted two firearm-use enhancement allegations.  On March 4, 2019, consistent with the terms of her plea agreement, the trial court sentenced defendant to serve an aggregate term of seven years in state prison.  The court awarded defendant 163 days of custody credit and ordered her to pay various fines and fees including a $600 restitution fund fine (suspending a matching parole revocation fine), a $60 criminal conviction assessment, and an $80 court operations assessment.  The court found

1

defendant did not have the ability to reimburse the county for the cost of her court-appointed attorney.

Defendant challenges the trial court's imposition of the restitution fund fine as well as the criminal conviction and court operations assessments. Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues imposition of the assessments without an ability to pay hearing is fundamentally unfair and the assessments must be stayed until an ability to pay hearing is held. She also argues that imposition of the restitution fund fine without consideration of her ability to pay violates both the Eighth Amendment prohibition against excessive fines and her right to equal protection. She asserts the fine and assessments must be stayed "unless and until the trial court holds an ability to pay hearing." We disagree.

It is defendant's burden to establish an inability to pay. (Accord *People v. Kopp* (2019) 38 Cal.App.5th 47, 96 review granted Nov. 13, 2019, S257844;[1] *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.) Defendant neither objected to the restitution fines and assessments generally nor asserted her inability to pay them. (See *People v. Johnson* (2019) 35 Cal.App.5th 134, 139 [raised objection to overcome presumption that a defendant capable of working and sentenced to a lengthy prison term can pay assessments with prison wages].)

As a result, the People contend defendant has forfeited the issues on appeal; defendant disagrees. Existing authority supports both positions. (Compare *People v. Frandsen, supra*, 33 Cal.App.5th at pp. 1154-1155; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 with *People v. Johnson, supra*, 35 Cal.App.5th at pp. 137-138; *People v. Castellano* (2019) 33 Cal.App.5th 485,

---

[1]     We may consider, as persuasive authority, the cases that have been granted review by our Supreme Court. (Cal. Rules of Court, rule 8.1115(e)(1).)

489.)  We do not decide whether defendant has forfeited the issues.  Instead, we reach her arguments on the merits.

### *Criminal Conviction and Court Operations Assessments*

We agree with the line of cases that conclude *Dueñas* was wrongly decided.  (See *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946 (*Hicks*); *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-281; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 927.)

The decision in *Dueñas, supra,* 30 Cal.App.5th 1157 is premised on authority involving a due process right of access to the courts, and a bar against incarceration for an involuntary failure to pay fees or fines.  (*Hicks, supra*, 40 Cal.App.5th at p. 325, rev.gr.)  A postconviction imposition of fees and fines, however, does not interfere in any respect with the right of access to either the trial or appellate court.  (*Id*. at p. 326.)  The postconviction imposition of fees and fines also does not result in any additional incarceration, and therefore a liberty interest that due process would protect is not present.  (*Ibid*.)  Since the stated bases for the conclusion in *Dueñas* do not support it, the question is whether due process generally otherwise compels the same result.  (*Hicks,* at p. 327.)

The People have a fundamental interest in punishing criminal conduct, as to which indigency is not a defense (otherwise, defendants with financial means would suffer discrimination).  It would also be contrary to the rehabilitative purpose of probation if a court were precluded at the outset from imposing the payment of fees and fines as part of educating a defendant on obligations owed to society.  (*Hicks, supra*, 40 Cal.App.5th at pp. 327-328, rev.gr.)  "For the reasons set forth above, we conclude that due process does not [generally] speak to this issue and that *Dueñas* was wrong to conclude otherwise." (*Id*. at p. 329; see also *People v. Kingston, supra*, 41 Cal.App.5th at p. 279.)

### *Restitution Fund Fine*

Defendant contends the imposition of the restitution fund fine without consideration of ability to pay violates the Eighth Amendment's prohibition against excessive fines.  However, she has failed to make a developed argument on this point that is distinct from her due process argument.  We decline to address this undeveloped claim. (See *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

Defendant also contends the imposition of the restitution fund fine without consideration of ability to pay violates equal protection.  She asserts an indigent defendant is disadvantaged compared to a wealthy defendant regarding the ability to pay the same restitution fine and suffers more than a wealthy defendant.  This, she states, violates equal protection and is invidious discrimination.  In *In re Antazo* (1970) 3 Cal.3d 100, the Supreme Court held that an indigent defendant could not be imprisoned for failure to pay a fine.  Otherwise a violation of equal protection would occur based on wealth.  (*Id.* at pp. 103-104.)  The Supreme Court noted that imposing a fine and penalty assessment on an indigent defendant did not by itself constitute a violation of equal protection.  (*Id.* at p. 116.)  Here, defendant was not incarcerated because of her alleged poverty.  She was incarcerated because she pleaded no contest to two counts of assault with a firearm and admitted two firearm-use enhancement allegations.  To the extent defendant relies on *Dueñas, supra,* 30 Cal.App.5th 1157 to support her equal protection claim, we disagree with *Dueñas* and agree with *Hicks* in its entirety.

For all of the above reasons, we decline to remand the matter for a hearing on defendant's ability to pay the imposed restitution fund fine, criminal conviction assessment, and court operations assessment, or stay any of them.

DISPOSITION

The judgment is affirmed.

_/s/_ _____

HOCH, J.

We concur:

_/s/_ _____

BLEASE, Acting P. J.

_/s/_ _____

HULL, J.

5