Filed 11/9/20  P. v. Ellis CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> RICHARD MARK NAMAHOE ELLIS, <br><br>     Defendant and Appellant. | A159077 <br><br> (Napa County <br> Super. Ct. No. 18CR002803) |

Defendant Richard Mark Namahoe Ellis appeals an order finding that he violated the terms of his probation, terminating probation, and sentencing him to three years in prison, with credits of 516 days. The court also ordered him to pay a $300 restitution fine pursuant to Penal Code[1] section 1202.4. His appointed attorney has submitted a brief in accord with *People v. Wende* (1979) 25 Cal.3d 436 and has advised defendant of his right to submit a supplemental brief, which defendant has not done. This court's review of the record has disclosed no issues warranting further briefing.

In September 2018, defendant pled no contest to a felony count of violating section 273.5 by inflicting corporal injury on a person with whom he had a dating relationship and to a misdemeanor charge of violating section 273a, willfully endangering a child. The plea was entered pursuant to an

---

[1] Statutory references are to the Penal Code unless otherwise stated.

1

agreement under which the prosecutor dismissed two other child endangerment counts and one vandalism count (§ 594, subd. (b)) and recommended that defendant receive three years' probation. The trial court accepted the plea. In October 2018, the court sentenced defendant to serve 180 days in jail (subject to 89 days' credit) and placed him on probation for three years subject to various terms and conditions, including compliance with a protective order barring him from contacting the victims (§ 273.5, subd. (j), § 1203.097) and an order to obey all laws.

In May 2019, the district attorney filed a petition to revoke defendant's probation on the ground that he had failed to obey all laws, and filed a new criminal action (No. 19CR001458), alleging that defendant contacted the victim at her home, argued with her, threatened to beat her, and broke her cell phone. The new complaint charged making criminal threats (§ 422), violation of a protective order (§ 166, subd. (c)(1)), and vandalism (§ 594, subd. (b)(2)). The trial court summarily revoked probation.

In September 2019, the court held a combined contested revocation-of-probation hearing in this action and jury trial on the charges in the 2019 action. In this case, the court found by a preponderance of the evidence that defendant had violated the terms of his probation by making threats in violation of section 422 and by virtue of his admitted violation of the protective order and vandalization of the victim's property.

In November 2019, the court held a hearing to sentence defendant for the violation of probation, as well as on the charges on which he had been convicted in the 2019 criminal case. In this case, for inflicting corporal injury on a person in a dating relationship (§ 273.5), the court declined to reinstate probation and, after weighing the aggravating and mitigating circumstances identified in the probation report (Cal. Rules of Court, rule 4.421), sentenced

2

defendant to the middle term of three years in prison, with credits of 516 days. The court declined to impose a court security fee and criminal conviction assessment that had been imposed in 2018 but it imposed a restitution fine of $300 (§ 1202.4), suspended a $300 parole-revocation fine (§ 1202.45), and ordered defendant to pay direct victim restitution in an amount to be determined. On the child endangerment conviction (§ 273a), the court revoked probation and imposed a concurrent 30-day jail sentence. Defendant filed a timely notice of appeal.

Defendant's appointed counsel has filed a brief and a declaration indicating her determination that there are no viable issues to raise on appeal, and this court's review of the record has not disclosed any such issues. Although the sentencing hearing was held 10 months after the publication of *People v. Dueñas* (2019) 30 Cal.App.5th 1157, no mention was made of defendant's ability or inability to pay the $300 restitution fine. Defendant did not object to the imposition of the fine on the ground of inability to pay or any other ground and, thus, forfeited any objection. (See *People v. Cowan* (2020) 47 Cal.App.5th 32, 34, review granted June 17, 2020, S261952 ["a sentencing court may not impose . . . restitution fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay"].)

In any case, any possible error in failing to inquire into defendant's ability to pay the fine was harmless, as defendant undoubtedly can earn sufficient wages to pay the $300 fine while serving his remaining prison term of approximately 17 months and upon his release. (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139–140.) Defendant testified about his work in construction and as a painter around the time of the August 2018 and May 2019 incidents, and to several activities indicating that he is able-bodied and capable of work.

3

The judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.