Filed 12/15/20  P. v. Palaita CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FONOTELE PALAITA,<br><br>    Defendant and Appellant. | A157840<br><br>(Del Norte County<br>Super. Ct. Nos. CRF 19-9124,<br>CRF 19-9168) |

Fonotele Palaita filed this appeal after pleading guilty to weapon possession charges pursuant to a negotiated disposition.  He contends the trial court committed constitutional error by requiring him to pay restitution fines without conducting an ability-to-pay hearing in accordance with *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  We affirm the judgment.

## BACKGROUND

On May 14, 2019, Palaita pled guilty to two counts of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)) and one felony count of carrying a concealed dirk or dagger (§ 21310).[1]  These pleas were part of a negotiated disposition of two pending cases, which contemplated that other charges would be dismissed, Palaita would be sentenced to probation, and if

---

[1]  Statutory references are to the Penal Code except as otherwise noted.

1

probation was not successful, his maximum term would be four years and four months in prison. Palaita agreed that if he failed to appear for sentencing, his guilty pleas would remain in effect, but the court would "not be bound by any sentence bargain."

As part of his plea bargain, Palaita executed a felony plea declaration in which he acknowledged, among other things, that in entering guilty pleas he could receive penalties and consequences in addition to incarceration. Relevant here, Palaita acknowledged that for each offense the court could impose "[a] fine up to $10,000.00 plus penalty assessment."

Palaita failed to appear for sentencing and was subsequently arrested. On June 13, 2019, he was sentenced to an aggregate term of three years in prison. In each of his cases, Palaita was also ordered to pay the following fines and fees: a $300 restitution fund fine (§ 1202.4, subd. (b)); a $300 parole revocation fine, which was stayed (§ 1202.45); a $40 court operations fee for each conviction (§ 1465.8); and a $30 conviction assessment for each conviction (Gov. Code, § 70373).

On July 12, 2019, Palaita filed a notice of appeal, which states that his appeal is based on his "sentence or other matters occurring after the plea that do not affect the validity of [his] plea[s]."

On January 6, 2020, Palaita's appellate counsel sent a letter to the sentencing judge, requesting that the court exercise its retained jurisdiction under section 1237.2 to stay Palaita's restitution fines and court fees "until such time as the prosecution proves [he] has a current ability to pay them." The court denied this request May 4, 2020, noting that the law was unsettled and that Palaita had not made an objection at his sentencing hearing.[2]

---

[2] Section 1237.2 provides that "[a]n appeal may not be taken . . . on the ground of an error in the imposition or calculation of fines, penalty

2

Palaita contends he was denied his constitutional right to a hearing regarding his ability to pay fines and fees at sentencing, citing *Dueñas*, *supra*, 30 Cal.App.5th 1157. Arguing that a certificate of probable cause is not required to assert this error, Palaita requests that we remand the matter for a trial court hearing regarding his ability to pay restitution fines in the two cases covered by his negotiated plea agreement.

The People argue that Palaita was required to obtain a certificate of probable cause (§ 1237.5), and that his failure to do so precludes this court from reaching the merits of his appeal (*People v. Mendez* (1999) 19 Cal.4th 1084). The People reason that, because Palaita agreed to pay a fine of up to $10,000 per count, any challenge to the imposition of fines or fees is an attack on the validity of his plea. The record shows that Palaita acknowledged that imposition of substantial fines was a potential consequence of entering guilty pleas to the crimes in this case, but we find no clear indication that Palaita affirmatively agreed to pay those fines as part of his plea bargain. In any event, we conclude that the appeal is foreclosed for a different reason.

Palaita forfeited his *Dueñas* claim by failing to object to his restitution fines when they were imposed. (See *People v. McCullough* (2013) 56 Cal.4th 589, 596–597; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Avila* (2009) 46 Cal.4th 680, 729.) In *Dueñas,* the misdemeanant disputed her ability to pay either a restitution fine or court fees, requested an ability-to-

---

assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing . . . ." We grant Palaita's motion to augment the record with documents showing the court denied his post-judgment motion to stay his fines and fees.

pay hearing, and produced evidence putting her inability to pay at issue. (*Dueñas supra,* 30 Cal.App.5th at pp. 1162–1163.) Here, Palaita did not contend that he lacked the ability to pay his restitution fines or challenge his fines and fees on any other ground.

Palaita contends an objection was not required to preserve his *Dueñas* claim because he did not have a statutory right to object to the statutory minimum restitution fines that were imposed at his sentencing hearing. Citing this court's decision in *People v. Johnson* (2019) 35 Cal.App.5th 134, Palaita argues his claim is cognizable because a "non-frivolous" objection to the fines was "not apparent at the time of sentencing." *Johnson* is inapposite because the defendant in that case was sentenced before *Dueñas* was decided. (*Johnson,* at pp. 137–138.) When Palaita was sentenced, *Dueñas* was authority for a due process challenge to statutory minimum restitution fines and he forfeited that challenge by failing to assert it.

Palaita attempts to salvage his appeal by limiting his objection to the parole revocation restitution fines imposed under section 1202.45. However, he fails to articulate a coherent reason why this type of fine would be subject to review despite the fact that he did not object at sentencing. We also note that Palaita's appellate counsel did not even mention the parole revocation restitution fines in his post-judgment motion requesting that the trial court correct alleged sentencing errors pursuant to section 1237.2. This is not surprising because Palaita's substantive theory is that *Dueñas* requires courts to stay restitution fines until the prosecution shows a defendant's ability to pay them. In his appellate briefs, Palaita loses sight of the fact that his parole revocation restitution fines were stayed and thus would not violate *Dueñas* even if his claim was cognizable on appeal.

4

# DISPOSITION

The judgment is affirmed.

TUCHER, J.

WE CONCUR:

STREETER, Acting P. J.
BROWN, J.

*People v. Palaita* (A157840)

5