Filed 1/5/21  P. v. Soriano CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEAN ERVIN SORIANO,<br><br>    Defendant and Appellant. | G058345<br><br>(Super. Ct. No. 18HF0460)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert Allan Knox, Judge.  Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Jean Ervin Soriano was convicted of one count of violating Health and Safety Code section 11378, a felony (count one), and one count of violating Health and Safety Code section 11350, subdivision (a), a misdemeanor (count two).  He was sentenced to two years on count one and ordered to pay various fines and fees totaling $370.  On appeal, his only arguments relate to the fines and fees, which he contends are excessive and violate the United States Constitution.  We disagree and therefore affirm the judgment.

I

FACTS

We need not delve into the facts of this case in any detail.  Suffice to say that in March 2018, the Orange County Sheriff's Department conducted a lawful search of the home where defendant and his brother resided.  While searching defendant's bedroom, they found heroin and methamphetamine.

Defendant was, as noted above, eventually convicted of one felony count of possession of methamphetamine for sale (Health & Saf. Code, § 11378), and one misdemeanor count of possession of a controlled substance, specifically, heroin (Health & Saf. Code, § 11350, subd. (a)).

Defendant was sentenced to two-year sentence on count one, and the trial court suspended sentence on count two.  Defendant was also ordered to pay the following fines and fees:  a $300 restitution fine (Pen. Code, § 1202.4)[1], a court operations fee of $70, which consisted of a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).  The court waived the cost for preparation of the probation report, determining defendant had no ability to pay.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise noted.

Defendant filed a notice of appeal. While the appeal was pending, defendant's appellate counsel filed an informal motion (§ 1237.2) regarding the restitution fine and court operations fees (collectively the fines). The court denied the motion.

## II

## DISCUSSION

*Forfeiture*

The Attorney General argues any question of excessive fines is forfeited due to defendant's failure to raise the issue at the time of sentencing. As noted above, while this case was pending on appeal, appellate counsel wrote to the trial court pursuant to section 1237.2 and requested an order to stay the restitution fine and for the other fees to be stricken pursuant to the excessive fines clause of the United States Constitution and *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

Section 1237.2 states: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

The court denied the motion. While we agree the best practice is to raise the issue at the time of sentencing, because section 1237.2 only requires that "the

3

defendant first make[] a motion for correction in the trial court" after sentencing, we find he complied with the statute and did not forfeit the claim.

*Excessive Fines*

Defendant first argues that the $370 in fines the court imposed is unconstitutional pursuant to the excessive fines clause of the Eighth Amendment to the United States Constitution (the excessive fines clause). We review this issue de novo. (*United States v. Bajakajian* (1998) 524 U.S. 321, 336, fn. 10 (*Bajakajian*).)

The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." California's Constitution includes similar protections against "[c]ruel or unusual punishment" and "excessive fines." (Cal. Const., art. I, § 17.)

In *Timbs v. Indiana* (2019) ___ U.S. ___, ___ [139 S. Ct. 682, 686-687], a civil case, the United States Supreme Court held that the excessive fines clause is incorporated by the Fourteenth Amendment and applicable to the states, as well as noting that the right to be protected against excessive economic sanctions is fundamental and deeply rooted in American law. In *Bajakajian*, the Supreme Court held that a fine in a criminal case qualified as "excessive" if it was "grossly disproportional to the gravity of a defendant's offense." (*Bajakajian*, *supra*, 524 U.S. at p. 334.)

Under California precedent, the specific analysis courts undertake is set forth in *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, which itself is based on the Court's analysis in *Bajakajian*. The factors the court must examine are: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*Lockyer*, at p. 728; see *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1070.)

4

Defendant does not contest the first and third prongs of this analysis, conceding that he is both culpable and that the penalties imposed by similar statutes are proportionate. As to the second factor, the relationship between the harm and the penalty, he contends "the conduct in this case is not particularly egregious." Perhaps, but neither were the fines. Indeed, the fines were the minimum imposed by statute. We do not find this weighs in defendant's favor.

The factor on which defendant concentrates the most, and which we will discuss further below, is his ability to pay. But an inability to pay alone does not render a fine constitutionally excessive; it is merely one of the four factors to be balanced. Even if we were to find an inability to pay (which we do not, see *post*), we would not find the fines excessive as a matter of constitutional law. On balance, the defendant was culpable for his offense, the fines were the minimum permitted by law, and the fines were proportional to similar statutes. Accordingly, the fines assessed did not violate the excessive fines clause.

*Due Process*

Defendant also argues that the fines violated the right to due process and equal protection set forth in *Dueñas*, *supra*, 30 Cal.App.5th 1157. In sum, *Dueñas* held that due process was violated when fines and fees were imposed on a defendant that were, for her, literally impossible to pay. (*Id.* at pp. 1166-1169.)

*Dueñas* has provoked, to put it mildly, considerable controversy and disagreement. It has become the poster child of the moment for the old saying, "hard cases make bad law." (See, e.g., *Northern Securities Co. v. United States* (1904) 193 U.S. 197, 400-401 (conc. opn. of Holmes, J.).) *Dueñas*, in the words of one justice concurring in a decision not to expand its reach to juvenile cases, has become the "'issue de jour.'" (*In re M.B.* (2020) 44 Cal.App.5th 281, 285 (conc. opn. of Yegan, Acting P. J.).) "In my view," the concurring justice wrote, *Dueñas* "create[d] more problems than

5

it solved and creative attorneys have had a field day." (*Ibid.*; see *People v. Caceres* (2019) 39 Cal.App.5th 917, 928-929 [declining to apply the "broad holding" of *Dueñas* beyond its unique facts]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138 ["*Dueñas* is distinguishable"].)

It is useful to consider *Dueñas* in light of its facts. In that case, the defendant was an indigent homeless mother who suffered from cerebral palsy and was unable to work. Her husband was also unemployed, and their family of four received approximately $1,000 a month in cash and food stamps. She was unable to afford basic necessities for her family, had no bank account or credit card, and frequently could not afford her mobile phone payment. The family alternated living at the homes of different relatives. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1161.)

When Dueñas was a teenager, she received three juvenile citations and could not afford to pay the $1,088 assessed. Her driver's license was therefore suspended. She subsequently had numerous convictions relating to her suspended license. When offered the choice between paying fees or serving time in jail, she served time because she could not afford the fees. Nonetheless, she remained liable for numerous court fees that had previously been sent to collections. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1161.)

In the offense that led to the published opinion, she pleaded no contest to driving on a suspended license. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1161.) She was placed on probation and approximately $500 in fines and fees were imposed. She advised the court of her situation and asked for a hearing to determine her ability to pay the amounts she had previously been assessed as well as the current court fees. Ultimately, she was ordered to pay $220 in what the court determined were mandatory fees. The court ordered that if she had not paid her debt at the end of probation, the unpaid amounts would go to collections without further court intervention. (*Id.* at pp. 1161-1163.)

6

The Second Appellate District, in a published opinion, determined "[i]mposing unpayable fines on indigent defendants" amounted to punishing them for their indigence. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1167.) Thus, the court found Dueñas's due process rights were violated. "Because the only reason [she] cannot pay the fine and fees is her poverty, using the criminal process to collect a fine she cannot pay is unconstitutional." (*Id.* at p. 1160.)

While the appellate courts have been flooded with appeals contesting fines and fees under $500 since *Dueñas* was decided, very few of those cases have facts that are even vaguely similar. The defendant in *Dueñas* was caught in an inescapable spiral of unpayable debt traceable to a few old, minor offenses. That is not the case here. While defendant was ordered to pay fines and fees under the same statutes at issue in *Dueñas,* "there the similarity ends." (*People v. Johnson*, *supra*, 35 Cal.App.5th at p. 139.) There is nothing in the record to begin to suggest that defendant is being punished for being poor.

Defendant argues that he has a ninth grade education, was not employed at the time of his arrest, and his only documented employment was as a dishwasher or car washer. Further, his substance abuse makes future employment uncertain. He further notes he was appointed trial and appellate counsel and the cost of the probation report was waived.

All of that is true and all of those facts reflect the circumstances at the time of sentencing, yet they are still not anywhere close, or even vaguely comparable, to the situation of the defendant in *Dueñas*. The same probation report defendant relies on notes that he is unmarried, in good physical health, and has no mental health diagnosis. Therefore, he has not established circumstances similar to the defendant in *Dueñas* that render him permanently unable to pay relatively small fines. Moreover, he may have at least the opportunity to earn some pay during his prison sentence. (*People v. Jones*

7

(2019) 36 Cal.App.5th 1028, 1035.)  Accordingly, the imposition of fines in this case did not rise to the level of a due process violation.


III

DISPOSITION

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.