Filed 5/20/22  P. v. Garcia CA2/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GREGORY STEVEN GARCIA,<br><br>Defendant and Appellant. | B293491<br><br>(Los Angeles County<br>Super. Ct. No. SA095648)<br><br>**OPINION ON REMAND** |

APPEAL from a judgment of the Los Angeles Superior Court, Yvette Verastegui, Judge.  Affirmed in part, reversed in part, and remanded with directions.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin, Noah P. Hill, and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Gregory Steven Garcia (defendant) was convicted of second degree murder. The trial court sentenced defendant to 40 years to life. As part of that sentence, the court imposed a term of 25 years to life for personally and intentionally discharging a firearm and proximately causing death pursuant to Penal Code section 12022.53, subdivision (d).[1] Defendant appealed, arguing that the court should have exercised its newly conferred authority—under section 12022.53, subdivision (h)—to "strike or dismiss an enhancement" under section 12022.53 to substitute a 10-year or 20-year enhancement under subdivisions (b) or (c) of section 12022.53. We rejected this argument in a published opinion, reasoning that the lesser enhancements had not been presented to, or found to be true by, the jury. (*People v. Garcia* (2020) 46 Cal.App.5th 786.) The California Supreme Court granted review in June 2020; handed down *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which held that trial courts *do* have the discretion to dismiss a greater enhancement for an uncharged lesser enhancement under section 12022.53; and remanded this case back to us for reconsideration in light of *Tirado*.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Because *Tirado* unequivocally rejects the reasoning we adopted in our prior opinion, that opinion and decision is vacated. We remand the matter for a new sentencing hearing for the trial court to reconsider its decision whether to strike the 25-year firearm enhancement in this case in light of the broader discretion, recognized in *Tirado*, to impose unproven lesser enhancements. We also address defendant's challenges to the assessment and restitution fine imposed in this case and to a clerical error in the abstract of judgment; we reject the first challenge, but find the second challenge to be meritorious and order the trial court to correct a clerical error in the abstract of judgment.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

Gregory Steven Garcia (defendant) went to Xavier Martinez's apartment, and then fired multiple shots, striking him in the back of the head. Defendant later told his brother that he would get away with it because "they don't have the burner"—that is, the gun—"[he] used."

### II. Procedural Background

The People charged defendant with murder (§ 187, subd. (a)). The People further alleged all three firearm enhancements set forth in section 12022.53—namely, that defendant "personally and intentionally discharge[d] a firearm and proximately cause[d] great bodily injury" (§ 12022.53, subd. (d)), that he "personally and intentionally discharge[d] a firearm" (*id.*, subd. (c)), and that he "personally use[d] a firearm" (*id.*, subd. (b)). The People additionally alleged that the murder was "committed for the benefit of, at the direction of, and in association with a

criminal street gang" (§ 186.22, subd. (b)(1)(C)) and that defendant was on bail at the time of the crime (§ 12022.1).

The matter proceeded to trial. The trial court instructed the jury on the crimes of first degree murder, second degree murder, and voluntary manslaughter due to provocation and due to imperfect self-defense as well as the defense of perfect self-defense. The court also instructed on the firearm enhancement for personally and intentionally discharging a firearm and proximately causing great bodily injury, but with the concurrence of the parties did not instruct on either of the lesser included firearm enhancements. The jury convicted defendant of second degree murder and found the firearm enhancement true.[2]

In October 2018, the trial court sentenced defendant to prison for 40 years to life, comprised of 15 years to life for the second degree murder and a consecutive 25 years to life for the firearm enhancement. The court denied defendant's motion to strike the firearm enhancement under section 12022.53, subdivision (h). In so ruling, the court explained how the relative youth of both defendant and the victim made it "incredibly difficult" not to strike the enhancement, but the court ultimately found that it could not "discount" the "compelling fact" that defendant "went to the victim's home and sought out the victim" in order to kill him. This premeditative conduct, the court reasoned, distinguished this case from "a situation in which" "things happen" when "two young men" "me[e]t up on a street." The court also imposed a $300 restitution fine (§ 1202.4, subd.

---

[2] The jury was instructed on the gang enhancement, but found it not to be true. The jury was not instructed on the bail enhancement.

4

(b)), a $40 court security fee (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373).

Defendant filed a timely appeal. As noted above, we affirmed, but our Supreme Court vacated our prior opinion and has remanded the matter for us to reconsider in light of *Tirado*.

## DISCUSSION

### I. Discretion to Substitute Lesser Included Firearm Enhancement

Section 12022.53 creates three firearm enhancements—a 25-year enhancement for "personally and intentionally discharg[ing] a firearm and proximately caus[ing] great bodily injury" (§ 12022.53, subd. (d)), a 20-year enhancement for "personally and intentionally discharg[ing] a firearm" (but without proximately causing great bodily injury) (*id.*, subd. (c)), and a 10-year enhancement for "personally us[ing] a firearm" (*id.*, subd. (b)). That section also grants a trial court the discretion to "strike or dismiss an enhancement" it was "otherwise required to . . . impose[]" "in the interest of justice pursuant to Section 1385" (*Id.*, subd. (h)), and to impose any enhancement so long as "the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (*Id.*, subd. (j).)

In *Tirado*, *supra*, 12 Cal.5th 688, our Supreme Court held that a trial court that "determines that a section 12202.53(d) enhancement should be stuck or dismissed under section 12022.53(h)" "may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)," "even if the lesser enhancements were not specifically charged . . . or found true by the jury." (*Id.* at pp. 696, 700.) Here, the trial court rejected

5

defendant's request to strike the 25-year enhancement based in part upon its belief that it faced an "all-or-nothing" choice—leave the 25-year enhancement intact or impose no firearm enhancement at all. Indeed, the court remarked that it "wish[ed] that there was a sentencing scheme for the 25 years to life." Because a court that is unaware of the scope of its discretion necessarily abuses that discretion (*People v. Carmony* (2004) 33 Cal.4th 367, 378), the trial court's ruling is an abuse of discretion and defendant is entitled to an opportunity to ask the court to exercise its discretion within the full range of possible sentences in mind.

The People acknowledge that the trial court was not aware of the full range of its discretion under *Tirado*. The People nevertheless urge that defendant forfeited his right to resentencing by not specifically asking the trial court to impose a lesser sentence of 10 years or 15 years under the other subdivisions of section 12022.53. We reject this argument. It is undisputed that defendant asked the trial court to exercise its discretion not to impose the full 25-year firearm enhancement found true by the jury. The trial court's error here was not understanding the full scope of that discretion. A defendant does not forfeit the right to have a trial court exercise the full scope of its discretion by virtue of having failed to ask the court to impose a certain sentence now held to be within that scope when it was unclear, at that time, whether that sentence was permissible. The contrary rule urged by the People would effectively narrow the scope of a trial court's sentencing discretion any time a defendant does not *tell* the court about the breadth of its discretion. We express no opinion on how the trial court should exercise its discretion on remand.

6

## II.    Remaining Issues

### A.    *Challenge to restitution fine and court fees*

Relying upon *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant contends that the trial court's imposition of the $300 restitution fine and $70 in assessments without an ability to pay hearing (1) violated due process and (2) constituted cruel and unusual punishment.  These are constitutional questions that we review de novo.  (*People v. Ramos* (1997) 15 Cal.4th 1133, 1154.)

We reject defendant's due process-based argument for two reasons.  First, the sole basis for defendant's argument is *Dueñas*, *supra*, 30 Cal.App.5th 1157.  However, we have rejected *Dueñas*'s reasoning.  (See *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946.)  Second, even if *Dueñas* were good law, the trial court's failure to conduct an ability to pay hearing when imposing $370 in monetary obligations was harmless because defendant will earn that amount as prison wages during just the 15-year sentence for his murder conviction and hence prior to his release.  (Accord, *People v. Johnson* (2019) 35 Cal.App.5th 134, 139 ["The idea that [defendant] cannot afford to pay $370 while serving an eight-year prison sentence is unsustainable."].)

And to the extent defendant argues that the $370 in monetary obligations constitutes cruel and unusual punishment, we reject that argument as well.  Whether such an obligation is excessive for these purposes turns on whether it is "grossly disproportional to the gravity of [the] defendant's offense." (*United States v. Bajakajian* (1998) 524 U.S. 321, 334 (*Bajakajian*), superseded by statute on other grounds as stated in *United States v. Jose* (2007) 499 F.3d 105, 110.)  Factors relevant

7

to gross disproportionality include "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.)  Under this standard, a defendant's ability to pay is a factor, not the only factor. (*Bajakajian*, at pp. 337-338.)  Applying these factors, we conclude that the minimum monetary obligations totaling $370 are not grossly disproportionate to his crime of seeking out his victim and fatally shooting him in the back of the head.

**B.** *Clerical error with abstract of judgment*

Defendant also argues that the abstract of judgment incorrectly records that he was convicted of "first degree murder" rather than "second degree murder."  The People concede this error.  The abstract of judgment should therefore be modified. (*People v. Vega* (2015) 236 Cal.App.4th 484, 506.)

**DISPOSITION**

The judgment is reversed to the extent it imposed a firearm enhancement and the matter is remanded for resentencing with directions that the court: (1) exercise its discretion pursuant to section 12022.53, subdivisions (h) and (j); and (2) correct the abstract of judgment to reflect that defendant was convicted of second degree murder.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

HOFFSTADT

We concur:

_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ


9