Filed 8/26/22 P. v. Pacheco CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047843 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 213441) |
| v. | |
| ROBERT PACHECO, | |
| Defendant and Appellant. | |

### THE COURT[1]

Defendant Robert Pacheco appeals from the judgment imposed after he pleaded no contest to participating in a criminal street gang (Pen. Code, § 186.22, subd. (a)),[2] conspiracy to sell methamphetamine (§ 182, subd. (a)(1) and Health & Saf. Code, § 11379), second degree robbery (§§ 211-212.5, subd. (c)), and possession of an assault weapon (§ 30605, subd. (a)). On appeal Pacheco contends that the trial court erred in not striking certain assessments and that his counsel provided ineffective assistance of counsel. For the reasons set forth below, we affirm.

---

[1] Before Greenwood, P. J., Grover, J. and Wilson, J.

[2] Future undesignated statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[3]

After Pacheco pleaded no contest in accordance with the negotiated disposition, the court sentenced him to 19 years in prison. At sentencing, the trial court ordered Pacheco to pay a $280 restitution fine (§ 1202.4, subd. (b)(2)),[4] a $280 suspended parole revocation fine (§ 1202.45), a $160 court operations assessment (§ 1465.8), and a $120 criminal conviction assessment (Gov. Code, § 70373). The court stated at the sentencing hearing that it had considered Pacheco's "ability to earn while in prison" in imposing the penalties, fines, and assessments. The court then asked whether either party had anything further to add, to which Pacheco's counsel replied, "No, just that Mr. Pacheco was appointed counsel and he was indigent." Pacheco's counsel did not request a ruling on Pacheco's ability to pay the assessments based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[5] Pacheco timely appealed.

While the appeal was pending, Pacheco's appellate counsel filed a motion in the trial court requesting that the court strike the operations assessment and criminal conviction assessment pursuant to *Dueñas*. Appellate counsel argued that the court should strike the assessments because a prisoner is not guaranteed employment within the California prison system, and if employed, the rate of pay is very low, such that it would take Pacheco many years to pay the assessments imposed at his sentencing.

The trial court denied the motion to strike the assessments. In its order, the court stated that Pacheco had not shown that the sentencing court did not consider his ability to pay the assessments. The court further noted that Pacheco had not shown an inability to work while incarcerated, but instead contended only that it would take him years to pay the challenged assessments.

---

[3] We have omitted the facts of the offense because they are not relevant to the analysis and disposition of this appeal.

[4] Pacheco waived his right to appeal the restitution fine.

[5] The decision in *Dueñas* was issued approximately one year before Pacheco's sentencing.

2

## II. DISCUSSION

Pacheco contends that the post-judgment court abused its discretion in denying his motion to strike the court operations and criminal conviction assessments. In the alternative, he argues that his attorney's failure to request that the court strike the assessments under *Dueñas* at sentencing constituted a denial of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments. The Attorney General argues that the court acted within its discretion in considering Pacheco's potential prison wages and that Pacheco's ineffective assistance claim fails because he cannot show that counsel's deficient performance, if any, caused him prejudice.

In *Dueñas*, the court held that a trial court must conduct a hearing and ascertain an ability to pay before requiring a defendant to pay assessments under section 1465.8 and Government Code section 70373, or a restitution fine under section 1202.4. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) Assuming without deciding that *Dueñas* was correctly decided, we conclude that the trial court did not abuse its discretion in denying Pacheco's post-appeal motion to strike the assessments.[6] We review a trial court's determination that a defendant has the ability to pay fines and fees imposed at sentencing for abuse of discretion. (See *People v. Lewis* (2009) 46 Cal.4th 1255, 1321.) A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

A court may consider the wages a defendant could earn in prison in determining an ability to pay under *Dueñas*. (*People v. Oliver* (2020) 54 Cal.App.5th 1084, 1101.) Moreover, just because it may take many years to earn the amount owed in fees and fines with prison wages does not mean a defendant lacks the ability to pay under *Dueñas*. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1077.) Therefore, finding that Pacheco

---

[6] The issues decided in *Dueñas* are currently under review in the California Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.

3

had the ability to pay the assessment based on potential prison wages was not an abuse of discretion.

Pacheco's ineffective assistance of counsel claim also fails. To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) To meet the *Strickland* standard for prejudice, a defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. (*Id*. at p. 694.)

Pacheco has not shown that there is a reasonable probability that, had trial counsel requested the court to make an an ability-to-pay finding under *Dueñas*, it would not have imposed the assessments. First, the court did address Pacheco's ability to pay the imposed assessments, and found he would be able to pay based on prison wages. Pacheco cannot show that raising the issue separately under the *Dueñas* framework would have changed the court's reasoning or conclusion.

Second, substantial evidence supported the court's determination at the sentencing hearing that Pacheco would be able to pay the $280 in assessments with wages he could earn during the lengthy prison term imposed in this case. (See *People v. Johnson* (2019) 35 Cal.App.5th 134, 139-140 [failure to challenge fees under *Dueñas* is harmless where defendant can earn the $370 in fees owed during his eight-year prison term].) Because Pacheco has not shown that he was prejudiced by trial counsel's failure to raise the *Dueñas* issue, he cannot show that he was denied effective assistance of counsel.

### III. DISPOSITION

The judgment is affirmed.