Filed 8/26/24  P. v. Murcia CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>ANA LIDIA GUZMAN MURCIA,<br><br>    Defendant and Appellant. | G063290<br><br>(Super. Ct. No. FWV19002495)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

It is hereby ordered that the opinion filed on August 6, 2024, be modified as follows:

On page 6, first line, at the end of the first incomplete sentence the following footnote should be added:

Even if, as urged by defendant, the prejudice standard articulated in *Chapman v. California* (1967) 386 U.S. 18, 23-24, were to apply, we would find the error harmless on the record before us. Among other things, the trial court: relied on six additional unchallenged aggravating circumstances; rejected defendant's request to run the sentences on all counts concurrent with one another, instead opting to run concurrent only four of the seven indeterminate terms; and commented about the vicious and cruel

nature of the crimes that defendant aided and abetted, defendant's control over the situation, and the planning involved in the abuse.

There is no change in the judgment.

The petition for rehearing is DENIED.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

Filed 8/6/24  P. v. Murcia CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANA LIDIA GUZMAN MURCIA,<br><br>    Defendant and Appellant. | G063290<br><br>(Super. Ct. No. FWV19002495)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of San Bernardino County, Katrina West, Judge.  Affirmed.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Anne Spitzberg, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant appeals after a jury convicted her of multiple sex offenses involving two minor victims and the trial court sentenced her to a total prison term of 60 years to life plus 8 years. She contends a true finding made by the court on one alleged aggravating circumstance is not supported by the record, requiring remand for a full resentencing, and that her trial counsel provided ineffective assistance by failing to urge the court to impose the low term on one count due to a variety of trauma she suffered in her life. In addition, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), she claims the court violated her constitutional due process rights by imposing fines and fees without first determining whether she had the ability to pay them.

We find no reversible error. Although the trial court's finding on the challenged aggravating circumstance lacks evidentiary support, a remand for resentencing is not required because the trial court also found true six additional aggravating circumstances. Regarding trial counsel's performance, even if we were to find counsel's performance was deficient, defendant fails to demonstrate the requisite prejudice for establishing ineffective assistance of counsel. And as for the fines and fees, assuming arguendo *Dueñas* was correctly decided and its due process framework is applicable in this case, we find no constitutional violation. The extreme factual circumstances that led *Dueñas* to reach its conclusion are not present here. Accordingly, we affirm the judgment.

## FACTS

Details of the crimes for which a jury found defendant guilty are not relevant to the issues raised in this appeal. It suffices to say, defendant and her then husband regularly sexually abused two minors over the course of at least two years.

2

The jury convicted defendant of seven counts of sexual penetration and oral copulation with a child 10 years old or younger (Pen. Code, § 288.7, subd. (b); counts one through seven)[1], which each carried an indeterminate prison term, and one count of procuring a child to engage in a lewd act (§ 266j; count 10), which carried a determinate sentencing triad from which the court could select in accordance with section 1170, subdivision (b).

Defendant requested a court trial on seven aggravating factors alleged by the People. They included: (1) "the crime[s] involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"; (2) "[t]he victim was particularly vulnerable"; (3) "defendant induced others to participate in the commission of the crime[s] or occupied a position of leadership or dominance of other participants in [their] commission"; (4) "defendant induced a minor to commit or assist in the commission of the crime[s]"; (5) "[t]he manner in which the crime[s] [were] carried out indicates planning, sophistication, or professionalism"; (6) "defendant took advantage of a position of trust or confidence to commit the offense[s]"; and (7) "defendant has engaged in violent conduct that indicates a serious danger to society." The court found true all the aggravating factors.

At sentencing, the trial court imposed 15 years to life on each of the seven indeterminate term counts. However, recognizing defendant had been subject to a variety of trauma and abuse in her life, the court chose to run only four of those life terms consecutive to one another, with the remaining three running concurrent to the others. As for the one

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

determinate term count, it imposed the upper term of eight years, to run consecutive to the indeterminate terms.

Defendant timely appealed.

## DISCUSSION

Defendant raises three sentencing related contentions on appeal. First, she asserts there is no evidence to support an aggravating factor that the trial court found true. Second, she argues her trial counsel rendered ineffective assistance by failing to raise trauma as a ground for imposing the lower term sentence on count 10 pursuant to section 1170, subdivision (b)(6). Third, she claims the court unwarrantedly imposed fines and fees without considering whether she is able to pay them. We find no error.

I.      *Aggravating Factors*

One of the aggravating factors found true by the trial court prior to making its determinate sentencing pronouncement on count 10 was that defendant "induced a minor to commit or assist in the commission of the crime."   (Cal. Rules of Court, rule 4.421(a)(5).)  It reasoned, defendant "taught Mary Doe how to commit [a sex act]."

Consistent with an argument made by defendant's trial counsel, defendant contends there is no evidence to support the trial court's true finding. We agree. Whether stemming from a misunderstanding of the aggravating factor language or an improper application of it, the trial court's finding on this singular aggravating factor was error. Mary Doe was a victim. A minor sexual crime victim does not assist the commission of the crime by following the perpetrator's directions to perform an act which makes them as a victim in the first instance. (See *People v. Tobias* (2001) 25 Cal.4th 327, 334 [minor is victim, not accomplice, when penal statute outlaws conduct against minor].)

4

Where we depart from agreement with defendant's analysis is the impact the error has on her sentence. Defendant argues remand for a full resentencing is required because the invalid aggravating factor is "a 'part of the sentence.'" But, a court's findings concerning aggravating and mitigating factors are not part of a sentence. Rather, they are matters to be considered by a court in selecting which determinate term sentence to impose. (See § 1170, subd. (b)(2) [court "may impose a sentence exceeding the middle term" based on certain "circumstances in aggravation of the crime"]; *People v. Black* (2007) 41 Cal.4th 799, 817 ["An aggravating circumstance is a fact that makes the offense 'distinctively worse than the ordinary'"].)

Although a court may impose an upper term only if it concludes aggravating factors justify exceeding the middle term (§ 1170, subd. (b)(2)), a single factor in aggravation may justify imposition of an upper term (*People v. Williams* (1996) 46 Cal.App.4th 1767, 1782; *People v. Piceno* (1987) 195 Cal.App.3d 1353, 1360).

Here, consistent with recent statutory amendments, the aggravating circumstances were tried to "the judge in a court trial."[2] (§ 1170, subd. (b)(2).) The court found true six aggravating circumstances other than the one defendant now challenges. Because the validity of those other aggravating circumstances is not attacked, and because on the record before us it is not "reasonably probable that the trial court would have chosen a lesser sentence" had it correctly understood the inducement of a minor aggravating factor (*People v. Price* (1991) 1 Cal.4th 324, 492), defendant has

---

[2] This case does not involve retroactive application of statutory amendments made by Senate Bill No. 567 (2021-2022 Reg. Sess.), and, thus, we need not address the standard for demonstrating prejudicial error in those circumstances. (Compare *People v. Dunn* (2022) 81 Cal.App.5th 394, 408-409, with *People v. Lopez* (2022) 78 Cal.App.5th 459, 465-468.)

not demonstrated reversible error.  (See *ibid.* [remand not required when trial court provided three unchallenged reasons for selecting upper term]; *People v. Avalos* (1984) 37 Cal.3d 216, 233 [remand not required despite improper reliance on aggravating factors because not reasonably probable sentencing result would be more favorable to defendant absent error].)

II.　　　*Ineffective Assistance of Counsel*

In a sentencing brief, among the mitigating factors defendant's trial counsel urged the court to consider was evidence that defendant had experienced a variety of trauma in her life, including sexual abuse, which counsel argued was a factor in the commission of the crimes.  Based on this and other mitigating factors, defendant's counsel asked the court to run all of the indeterminate term sentences and the determinate term sentence concurrently.  Defendant contends her trial counsel provided ineffective assistance by not urging the court, pursuant to section 1170(b)(6)(A), to impose the low term on count 10 due the same trauma.  We are not persuaded.

A criminal defendant has a constitutional right to the effective assistance of counsel during criminal proceedings.  (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.)  "Establishing a claim of ineffective assistance of counsel requires the defendant to demonstrate (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result." (*People v. Dennis* (1998) 17 Cal.4th 468, 540 (*Dennis*).)

"Our review is deferential; we make every effort to avoid the distorting effects of hindsight and to evaluate counsel's conduct from

6

counsel's perspective at the time. [Citation.] A court must indulge a strong presumption that counsel's acts were within the wide range of reasonable professional assistance. [Citation.] Thus, a defendant must overcome the presumption that the challenged action might be considered sound trial strategy under the circumstances." (*Dennis, supra*, 17 Cal.4th at p. 541.) "[I]f the record is void of an explanation by counsel for their actions, we examine the record to determine if an independent satisfactory explanation exists to show counsel's actions were a reasonable tactical decision." (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1150.)

The record in this appeal is silent as to why defendant's trial counsel did not specifically ask the court to use the identified trauma to impose the low term on count 10.[3] Even if, arguendo, there was no tactical or strategic reason for why counsel did not ask the trial court to impose the low term on count 10 based on trauma, defendant has failed to meet her burden of demonstrating ineffective assistance of counsel because she fails to show prejudice. Prejudice in this context is established by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

---

[3] In a declaration filed in conjunction with a separately pending petition for writ of habeas corpus concerning the same underlying case, the existence of which we take judicial notice on our own motion (Evid. Code, §§ 452, subd. (d), 459), defendant's trial counsel avers they had no tactical or strategic reason for failing to raise trauma in the context of count 10. The petition was filed while this appeal was pending, and this court previously ordered the two matters be considered contemporaneously. We resolve the habeas corpus petition, which raises the same ineffective assistance of counsel issue as this appeal, by separate order. (*In re Guzman Murcia* ([August 6, 2024], G063290) [nonpub. order] )

probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington* (1984) 466 U.S. 668, 694.)

Although the trial court believed the trauma suffered by defendant was a reason to depart from the prosecution's requested sentence of 105-years-to-life, plus eight years determinate, there is nothing in the record which reveals a reasonable probability that the court would have further reduced the total sentence had defendant's trial counsel raised trauma in the context of count 10. Even when presented with evidence of trauma, a court may decline to impose the lower term in a sentencing triad if it finds "the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) Here, the trial court found true six aggravating circumstances which are not challenged on appeal, and it used those to justify imposition of the upper term on count 10. Additionally, the court accounted for defendant's trauma by running three of the seven indeterminate counts concurrent to one another, while simultaneously rejecting defendant's counsel's urging to run more of the indeterminate counts concurrently. The entirety of the circumstances considered, defendant has not demonstrated prejudice.

III.    *Fines and Fees*

The trial court imposed a total of $4,560 in fines and fees, with $2,000 of that amount being a suspended parole revocation fine. Defendant claims the imposition of any fines and fees was unconstitutional because the

8

court did not first determine whether she had the ability to pay. We disagree.[4]

Defendant's constitutional argument relies on *Dueñas*. The facts and circumstances of *Dueñas* were aptly explained by another appellate court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844: "In *Dueñas*, the defendant was an indigent, homeless mother of two, who subsisted on public aid while suffering from cerebral palsy. [Citation.] As a teenager, the defendant's license was suspended when she could not pay some citations. [Citation.] She then was convicted of a series of misdemeanor offenses for driving with a suspended license, and in each case, she was given the Hobson's choice to pay mandatory fees and fines, which she lacked the means to do, or go to jail. [Citation.] She served jail time in the first three of these cases, but still faced outstanding debt, which increased with each conviction." (*Kopp,* at p. 94.)

"After her fourth conviction of driving with a suspended license, the defendant was placed on probation and again ordered to pay mandatory fees and fines. [Citation.] To try to stop the cycle of ever enhancing fees and fines, the defendant brought a due process challenge to Penal Code section 1465.8, Government Code section 70373, and Penal Code section 1202.4, the statutes under which the fees and fines were imposed. [Citation.] She argued that '[t]hese statutes . . . are fundamentally unfair because they use

---

[4] The Attorney General argues defendant forfeited a challenge to the imposition of fines and fees on an ability to pay basis by failing to raise the argument in the trial court. Defendant did not raise the issue in the trial court, but we nevertheless exercise our discretion to consider the matter notwithstanding any possible forfeiture. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [appellate court generally has discretion to consider unpreserved claims].)

the criminal law, which is centrally concerned with identifying and punishing only blameworthy decisions, to punish the blameless failure to pay by a person who cannot pay because of her poverty. The laws, moreover, are irrational: They raise no money because people who cannot pay do not pay.' [Citation.]" (*Kopp, supra*, 38 Cal.App.5th at p. 95, review granted.)

The Second Appellate District, pronounced that "[i]mposing unpayable fines on indigent defendants" amounted to punishing them for their indigence. (*Dueñas, supra*, 30 Cal.App.5th at p. 1167.) Doing so in the *Dueñas* defendant's case, the court concluded, violated her due process rights. It explained, "Because the only reason [she] cannot pay the fine and fees is her poverty, using the criminal process to collect a fine she cannot pay is unconstitutional." (*Id.* at p. 1160.)

Since *Dueñas*, appellate courts have been flooded with appeals contesting fines and fees. Many have rejected application of due process principles in this context, with some finding the proper analysis is instead the excessive fines clause in the Eighth Amendment of the United States Constitution and a similar protection provided in the California Constitution. (See, e.g., *People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Hicks* (2019) 40 Cal.App.5th 320, 327-329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067-1069; *Kopp, supra*, 38 Cal.App.5th at pp. 96-97, review granted; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1038-1039 (conc. opn. of Benke, J.).) Others have refused to extend its reach beyond the precise circumstances presented in *Dueñas*. (See, e.g., *People v. Oliver* (2020) 54 Cal.App.5th 1084, 1103; *People v. Allen* (2019) 41 Cal.App.5th 312, 326-327; *People v. Caceres* (2019) 39 Cal.App.5th 917, 926-927; *Kopp,* at p. 94; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138-139.)

10

We need not decide whether the *Dueñas* due process framework is ever the appropriate analytical framework and, if so, in precisely which types of cases.[5] Even assuming arguendo it applied here, the imposition of fines and fees in this case did not rise to the level of a due process violation as it did in *Dueñas*. There are no facts even vaguely comparable to the situation of the *Dueñas* defendant. Among other things, defendant was not indigent when the crimes took place or when she was arrested, and the crimes for which she was convicted have nothing to do with her financial circumstances.

Further, even assuming arguendo a constitutional violation, it is harmless. Defendant was sentenced to a total of 68 years to life in prison. Nothing in the record suggests she might be unable to work or be ineligible for prison work assignments. Prison wages can be used to make payments toward the imposed fines and fees. (See *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 [ability to pay includes a defendant's prison wages].) Thus, if any error occurred, it was harmless beyond a reasonable doubt. (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139-140 [any potential *Dueñas* error was harmless because no evidence defendant could not earn prison wages during eight-year prison sentence].)

---

[5] The issue may soon be clarified by the Supreme Court. Pending before it, based on a grant of review in *Kopp*, are the following questions: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" (*People v. Kopp*, S257844, Supreme Ct. Mins., Nov. 13, 2019.)

## DISPOSITION

The judgment is affirmed.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.