Filed 9/13/24  P. v. Wilson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br>v.<br>DARRYEAL WOODROW WILSON,<br>          Defendant and Appellant. | A168533<br><br>(Napa County<br> Super. Ct. No. 23CR000943) |

Darryeal Woodrow Wilson pleaded no contest to failure to provide information as a transient sex offender (Pen. Code, § 290.011, subd. (d))[1] with a prior felony under the Three Strikes law (§ 667, subds. (b)–(i)) and was sentenced accordingly.  He claims the trial court erred by failing to dismiss his prior strike, under section 1385, subdivision (c), and to determine his ability to pay before imposing certain fees and fines.  These claims are forfeited, and they fail all the same.  Wilson's related claims that his trial counsel rendered ineffective assistance are unavailing.  We affirm the judgment.

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

# FACTUAL AND PROCEDURAL BACKGROUND

In 2003, a jury convicted Wilson of four counts of committing lewd acts with his six-year-old niece (§ 288, subd. (a)). He was sentenced to 14 years in prison. Following several appeals, we affirmed the judgment. Later, Wilson was twice convicted of failure to register as a sex offender (§§ 290.018, subd. (b), 290.011, subd. (a)); we affirmed.

In 2022, Wilson was unhoused, or transient. (§ 290.011, subd. (g).) He failed to provide current information about where he slept and spent his time, as transient sex offenders must do. (§ 290.011, subd. (d).) The People charged Wilson with felony failure to provide information (*ibid.*) and alleged his 2003 conviction was a prior strike (§ 667, subds. (b)–(i)).

Per an agreement with the People, Wilson pleaded no contest to the failure to provide information charge and admitted the strike allegation. He asked the trial court to dismiss the prior strike pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, which the court declined to do. The trial court sentenced Wilson to two years and eight months in prison and imposed fines and fees totaling $370.

# DISCUSSION

## I.   *Section 1385, Subdivision (c).*

Wilson claims the trial court erroneously failed to consider whether to dismiss his strike per section 1385, subdivision (c), which requires a court to dismiss "an enhancement" if it furthers justice, "afford[ing] great weight" to specified mitigating circumstances. (§ 1385, subd. (c)(1), (2).)

Wilson forfeited this argument by failing to seek dismissal under section 1385, subdivision (c) during sentencing. (See *People v. Scott* (1994) 9 Cal.4th 331, 356 [complaints about trial court's exercise of sentencing discretion cannot be raised for the first time on appeal].) Wilson argues the

2

trial court had a mandatory duty to consider such dismissal and grant it if warranted.  However, case law holds the court maintains discretion in this regard and the issue may be forfeited.  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723–724, fn. 8.)

Wilson's argument also fails on the merits.  In *People v. Burke* (2023) 89 Cal.App.5th 237, 242–244, and *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2, the Court of Appeal for the Third Appellate District determined section 1385, subdivision (c) does not apply to prior strikes because the Three Strikes law is an alternative sentencing scheme, not an enhancement.  This division held the same in *People v. Olay* (2023) 98 Cal.App.5th 60, 64–69 (*Olay*).

Wilson contends *Burke* and *Tilley* were wrongly decided and do not address the arguments raised in his appellate brief.  However, *Olay* does address Wilson's arguments, both with regard to legislative history (*Olay, supra*, 98 Cal.App.5th at pp. 67–69) and with regard to statutory language addressing prior juvenile adjudications and initiative statutes (*Olay*, at pp. 66–68, fns. 7–8).  We find no reason to part with *Olay* on any of these points.

Because section 1385, subdivision (c) does not apply to prior strikes, Wilson's counsel did not provide ineffective assistance by failing to raise this provision.  (See *People v. Price* (1991) 1 Cal.4th 324, 386–387 [failure to make an unmeritorious or futile motion does not constitute ineffective assistance of counsel].)

## II.  *Ability to Pay Fines and Fees.*

Wilson claims the trial court violated his right to due process under the United States and California Constitutions by imposing $370 in fines and fees under Penal Code sections 1202.4 and 1465.8 and Government Code

section 70373 without determining he was able to pay. He relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164 (*Dueñas*), which held due process requires an ability to pay hearing before such fines and assessments are imposed.

Wilson forfeited this argument. "Once case law exists holding that a hearing on ability to pay is constitutionally required when requested, a defendant who does not object or ask for a hearing forfeits the claim of error." (*People v. Evers* (2023) 97 Cal.App.5th 551, 556.) Wilson was sentenced in 2023, years after *Dueñas* was decided. He concedes he did not raise his asserted inability to pay at sentencing.

Wilson relies on inapposite authorities to argue against forfeiture. Contrary to Wilson's argument, his claim self-evidently depends on factual findings concerning his ability to pay and may thus be forfeited. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887.) We agree with *Evers* and other authorities that find forfeiture in this context. (See *People v. Ramirez* (2023) 98 Cal.App.5th 175, 224–225 [collecting cases].)

Finally, Wilson contends his trial counsel provided ineffective assistance by failing to object to the fines and fees based on his claimed inability to pay. For such a claim to succeed on direct appeal, the record must "affirmatively demonstrate[] trial counsel had no rational tactical purpose" for the challenged omission. (*People v. Ramirez, supra*, 98 Cal.App.5th at p. 226.) That showing is not made where "counsel may have had access to information about defendant's financial status" that would doom an objection based on inability to pay. (*Ibid.*) Here, the record is contrary to Wilson's position: His probation report reflects he has "an extensive prior employment history" and is currently "a pensioner and collects social security benefits." Given this evidence and the "rather modest

4

financial burden" the challenged fines and fees present (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139–140), it was rational for Wilson's counsel not to seek an ability to pay hearing.

## DISPOSITION

The judgment is affirmed.


Jackson, P. J.


WE CONCUR:

Burns, J.
Chou, J.